(July 14, 1980)

■ CLAIRE ARMIJO, Respondent, v METROPOLITAN TRANSPORTATION AUTHORITY et al., Appellants.—In a negligence action to recover damages for personal injuries, defendants appeal from an order of the Supreme Court, Nassau County, dated January 2, 1980, which granted plaintiff's motion for leave to serve an amended complaint and bill of particulars, increasing her *ad damnum* clause from $50,000 to $750,000. Order modified, by adding a provision thereto that the proposed bill of particulars is not to include the sum of $28,000 of alleged lost earnings for the period January 10, 1976 to December 31, 1978 and the Buffalino bill is not to exceed $800. As so modified, order affirmed, with $50 costs and disbursements to the respondent. The order permitting an increase in the *ad damnum* must be affirmed as modified (see *Hampton v Lefkowitz,* 72 AD2d 805; *Wagner v Huntington Hosp.,* 65 AD2d 771). The matters of the Buffalino bill and the alleged lost earnings for the period January 10, 1976 to December 31, 1978 were disposed of in the no-fault arbitration. They may not be litigated again (see *Matter of American Ins. Co. [Messinger—Aetna Cas. & Sur. Co.],* 43 NY2d 184). Hopkins, J. P., Damiani, Titone and Lazer, JJ., concur.

■ ELEANOR BRUNO, Appellant, v VILLAGE OF PORT CHESTER et al., Respondents.—Motion by appellant for reargument of the appeal from an order of the Supreme Court, Westchester County, dated August 22, 1979, or, in the alternative, for leave to appeal to the Court of Appeals from an order of this court dated February 25, 1980, which determined the appeal. Motion granted insofar as it seeks reargument and denied as academic insofar as it seeks leave to appeal; upon reargument this court's decision and order, both dated February 25, 1980, are recalled and vacated and the following substituted decision is rendered. In a negligence action to recover damages for personal injuries, plaintiff appeals from so much of an order of the Supreme Court, Westchester County, dated August 22, 1979, as granted defendants' motion to vacate a default judgment entered against them, upon condition that defendants pay $500 to the plaintiff. Order reversed insofar as appealed from, on the law, without costs or disbursements, and defendants' motion to vacate the default judgment is denied. The Court of Appeals has recently emphasized that it is absolutely incumbent that a plaintiff seeking to avoid dismissal for failure to prosecute must demonstrate (1) that there was a reasonable excuse for the delay and (2) a prima facie showing of legal merit *(Barasch v Micucci,* 49 NY2d 594). The same criteria are equally applicable to a defendant who seeks to vacate a default judgment. Here, the only excuse offered for the delay in answering was that the insurer lost the file. This is akin to a law office failure and as a matter of law is an insufficient excuse for the purpose of supporting a motion to vacate a default judgment (cf. *Barasch v Micucci, supra).* Accordingly, it was an abuse of discretion to grant defendants' motion. Rabin, J. P., Cohalan, O'Connor and Weinstein, JJ., concur.