■ MARY EATON et al., Respondents, v EQUITABLE LIFE ASSURANCE SOCIETY OF THE UNITED STATES, INC., et al., Defendants, and MARINE MIDLAND BANK, INC., Appellant. — Appeal by defendant Marine Midland Bank, Inc., from an order of the Supreme Court, Richmond County, dated July 3, 1980, which, *inter alia,* denied its motion to vacate a default judgment which had been entered against it on March 7, 1980. Order reversed, without costs or disbursements, and motion granted, on condition that appellant serve its answer and pay $500 to the plaintiffs within 10 days after service upon it of a copy of the order to be made hereon, with notice of entry; in the event such conditions are not complied with, order affirmed, with $50 costs and disbursements. After considering a variety of factors including the relative shortness of the delay, the nature of appellant's excuse, the apparent existence of a meritorious defense, the promptness with which appellant moved to vacate its default, and the absence of any apparent intention on its part to abandon its defense of the action, we believe that the default should be vacated in the interest of justice (cf. *Sequoia Constr. Corp. v Hunt,* 78 AD2d 695). The conditions which we impose should redress any inconvenience

which the plaintiffs may have suffered. Hopkins, J.P., Gulotta and Cohalan, JJ., concur.

Gibbons, J., dissents and votes to affirm the order, with the following memorandum, in which Lazer, J., concurs: William Eaton, an employee of the defendant Marine Midland Bank, commenced this action to recover $6,780 for medical and hospital costs by the service of a summons and complaint on December 19, 1979. Following appellant's failure to serve its answer, after it had obtained three oral extensions of time, the first being for a period of eight days to January 17, the second being for nine days from January 23 to February 1, and the last being on February 7, 1980, when it was agreed by the attorney for the appellant that the answer would be "put in the mail soon", the plaintiffs, not having received an answer, obtained a judgment by default against the appellant on March 7, 1980. After waiting for almost two months without any response from the appellant, the plaintiffs filed an execution with the Sheriff of New York County on May 2, 1980. On May 12, 1980 the appellant was notified concerning the issuance of the execution, and, after the lapse of about one month, proceeded on June 10, 1980 to move to vacate the default judgment and for leave to serve its proposed answer, a copy of which was annexed to its motion papers. As an excuse for its failure to timely serve its answer during the interval of about four months prior to said motion, the appellant claimed that the delay was due to the existence of "relatively complex" issues regarding the interrelationship between medicare coverage and the terms of its major medical policy, and that its factual investigation had been hampered and complicated because "page '1a', which apparently sets forth the provisions governing coverage of persons over age 65 is missing from the Bank's copy of the major medical policy." The appellant's allegations concerning its inability to find the page of its major medical policy and that it was confronted with complex issues are not legally sufficient excuses for its failure to serve its answer for a period of about four months during which no effort was made by it to apply to the court for an extension of time under CPLR 2004. An excuse that the delay in answering was due to a lost file was rejected in *Bruno v Village of Port Chester* (77 AD2d 580, app dsmd 51 NY2d 769), and the allegation that an answer was not timely served because of the "uniqueness of the allegations in the complaint and the facts involved required extensive investigation and such investigation was not completed in the time required to serve an answer" was similarly held to be inadequate in *Stewart v State Farm Mut. Auto. Ins. Co.* (71 AD2d 705, 706). Both of the excuses proffered by the appellant fall within the ambit of law office failure and, under the rationale of *Barasch v Micucci* (49 NY2d 594), these excuses may not properly serve as a basis for excusing a default; and where law office failure exists, it would constitute an abuse of discretion, as a matter of law, to excuse a default on that ground. The criteria declared in *Barasch* were held in *Bruno v Village of Port Chester (supra)* to be "equally applicable to a defendant". There was no reasonable basis upon which the appellant's attorney could justifiably assume that the extension of time to answer, granted on February 7, 1980, under which it was understood by both respective attorneys that the answer would be mailed "soon", was the equivalent of an indefinite extension of time, particularly in view of the fact that neither of the two prior extensions of time exceeded nine days. On the basis of the prior arrangements between the attorneys, it was within the reasonable contemplation of the parties that the appellant's answer was to be served within, at most, two weeks after February 7, 1980, when the last extension was granted, and not that its service would be delayed for a

period of approximately four months, when it appeared for the first time as an exhibit attached to appellant's motion papers. Accordingly, in the absence of an acceptable excuse for appellant's neglect to serve its answer, other than law office failure, Special Term did not abuse its discretion, under the circumstances in denying the motion.