■ WILFREDO NIETO, Respondent, v ABRAHAM LIPSHITZ et al., Appellants. — In a negligence action to recover damages for personal injuries, defendants appeal from an order of the Supreme Court, Kings County (Morton, J.), dated June 3, 1980, which (1) denied their motion to dismiss the action for failure to timely serve a complaint, upon payment by plaintiff of $100 as costs to defendants' attorneys, and (2) granted plaintiff's cross motion to direct defendants to accept belated service of the complaint. Order reversed, on the law, without costs or disbursements, defendants' motion granted, plaintiff's cross motion denied and action dismissed. The cause of action alleged herein involves a motor vehicle accident which occurred on July 16, 1975. The action was commenced by the service of a summons upon the two defendants on or

about July 20 and July 23, 1977, respectively. A notice of appearance and demand for service of the complaint was served upon plaintiff's attorney on September 30, 1977. After over 28 months had elapsed, the complaint was served on February 8, 1980. The plaintiff's attorney contended that the delay was due to a fire in his office on August 2, 1978, which resulted in water damages to his files, and to a burglary on January 15, 1980, when his files were thrown "throughout the inside and outside of my office". The alleged water damage took place 10 months after the demand for the complaint and the record is devoid of any reasonable excuse for plaintiff's failure to serve the complaint during that time. With respect to the burglary, which took place over 27 months after the demand was made, the record discloses that, on January 16, 1980, following the burglary, some of the·plaintiff's papers were found misfiled with the papers in another case of a client named Nieto Pabon. In sum, no valid excuse is presented for plaintiff's failure to comply for a period of 10 months after the demand, and the discovery of plaintiff's papers in another file 27 months after the demand establishes that the papers were not properly examined before filing. Such neglect falls within the ambit of law office failure which may not provide a valid basis for defeating a motion to dismiss under CPLR 3012 (subd [b]) *(Barasch v Micucci,* 49 NY2d 594; *Bruno v Village of Port Chester,* 77 AD2d 580). After the complaint was served on February 8, 1980 it was received by defendants' attorney on February 12, 1980, and was returned with a notice of rejection 16 days later on February 28, 1980. The defendants' motion to dismiss was served on March 3, 1980. The combination of retention and undue delay in rejecting a belatedly served complaint may constitute a waiver of timeliness and the equivalent of an express extension of time. However, under the circumstances of this case, where a failure to comply with the demand, which persisted for a period of 28 months and for which no valid excuse was proffered, must be balanced against a rejection of the complaint within 16 days of service and the bringing of a motion to dismiss three days later, it cannot be fairly said that the defendants waived this right to have the complaint dismissed based upon the plaintiff's inordinate delay (see *Johnson v Johnson,* 45 AD2d 899). Damiani, J.P., Gibbons, Cohalan and O'Connor, JJ., concur.