■ PAMELA JUNIOR, Appellant, v CITY OF NEW YORK, Respondent. — In a negligence action to recover damages for personal injuries, plaintiff appeals from an order of the Supreme Court, Kings County (Cooper, J.), dated December 18, 1980, which (1) denied her motion to enter judgment based on defendant's default in timely pleading to the complaint, and (2) granted defendant's cross motion to require plaintiff to accept its answer, demand for a

bill of particulars, and "combined demand notice for discovery, inspection and copying." Order affirmed, without costs or disbursements. Plaintiff commenced the instant action, seeking damages for personal injuries, by service of a summons and complaint on August 25, 1980. The defendant did not answer or otherwise move within the time set forth in CPLR 3012. However, on October 17, 1980, the Corporation Counsel mailed the defendant's answer, along with a demand for a bill of particulars and a combined notice for discovery, inspection and copying. Plaintiff's counsel rejected the papers as untimely and, by notice of motion dated November 24, 1980, moved pursuant to CPLR 3215 for a default judgment. The defendant cross-moved for an order (1) vacating its default in answering, and (2) directing the plaintiff to accept its late answer. The affirmation in support of the cross motion demonstrated a possible, meritorious defense. To excuse the delay, an Assistant Corporation Counsel affirmed that "the plaintiff has not been prejudiced by this short delay occasioned by continuing difficulties by the Municipality in processing matters under the continuing financial straits of the Government of the People of the City of New York." Special Term denied the plaintiff's motion and granted the defendant's cross motion; the plaintiff has appealed. The order should be affirmed. The defendant's delay in answering was not substantial — only 33 days elapsed between the time when the defendant should have answered pursuant to statute (Sept. 14, 1980), and the time when the answer was actually served. Moreover, the defendant has affirmatively demonstrated its intent to defend the action by serving the answer before any application was made by the plaintiff, and by actively opposing the plaintiff's motion for a default judgment. While the defendant's excuse for the delay may be characterized as "law office failure" (see *Beetz v City of New York*, 73 AD2d 925), Special Term did not abuse its discretion in denying the motion for a default judgment and in permitting the defendant to serve a later answer. The extension of time to plead was properly granted since the delay in service was not willful or lengthy, and did not cause prejudice to the plaintiff (see *A & J Concrete Corp. v Arker*, 54 NY2d 870). *Barasch v Micucci* (49 NY2d 594) does not require a different result. In *Barasch* the Court of Appeals held that law office failure did not constitute a valid excuse for a five- and one-half month delay in serving a complaint. But *Barasch* did not strip the courts of all authority to excuse short delays in pleading which are attributable to law office failure. Thus, in *A & J Concrete (supra)*, the Court of Appeals held that the Supreme Court did not abuse its discretion in granting the plaintiffs additional time to plead where the complaint had been served several days late, but the plaintiffs had moved for relief pursuant to CPLR 2004 before the defendant moved to dismiss under CPLR 3012. Our dissenting brethren suggest that the *A & J Concrete* exception is applicable only where the defaulting party's motion for an extension precedes an application by his opponent for judgment — otherwise the strict *Barasch* approach controls. We do not agree. The fact that a defaulting party moves, on his own initiative, for an extension of time in which to plead is significant because it demonstrates that the party intends to seriously prosecute, or defend, the action. But the question of whether a default can be excused will not always turn on who wins the race to the courthouse. In the case at bar, the defendant did not move promptly (as it should have done) for relief pursuant to CPLR 2004. Yet, by serving an answer, after a brief delay and before the plaintiff moved for a default judgment, it demonstrated unequivocally its intention to diligently defend the action. While the excuse proffered by the Assistant Corporation Counsel could not have justified a substantial delay in pleading, it was sufficient to permit Special Term, in the exercise of its discretion, to accord the

defendant an opportunity to defend the case on the merits. It should also be noted that, in the instant case, the failure to timely plead was by the defendant and not, as in *Barasch,* by the plaintiff. This distinction is not without significance. Since it is the plaintiff who chooses to bring the action and determines the time for its commencement, strict compliance with the time periods for serving a complaint is generally required. Understandably, however, the courts are somewhat more lenient when it is the defendant who defaults. (See Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3215:24, p 880.) Of course, the courts will not readily open a default judgment against a defendant which has been entered after a prolonged delay in answering, or following unheeded warnings by the plaintiff that judgment was imminent unless an answer was served. In such circumstances, the *Barasch* criteria are applicable, and some excuse other than law office failure must be proffered. (See *Bruno v Village of Port Chester,* 77 AD2d 580.) But where the delay is relatively brief, a defendant's default may sometimes be excused, even if an equivalent delay by a plaintiff could not be. Thus, in recent cases, we have vacated default judgments even though the excuse for the delay in answering could be characterized as law office failure. (See *Eaton v Equitable Life Assur. Soc. of U. S.,* 81 AD2d 653; *Cockfield v Apotheker,* 81 AD2d 651.) A fortiori, the courts enjoy the discretion to excuse a brief delay in answering, where the defendant serves his pleading, and makes application to the court, *before* a default judgment is entered. (See *Sequoia Constr. Corp. v Hunt,* 78 AD2d 695; *Williams v City of New York,* 85 AD2d 633.) The facts of this case suggest that plaintiff's counsel would have been better served by accepting the defendant's late answer, than by seeking to take advantage of a technical default. Certainly, Special Term cannot be faulted for having exercised its discretion so as to permit the case to be disposed of on the merits. Hopkins, J. P., Rabin and O'Connor, JJ., concur.

Mangano, J., dissents and votes to reverse the order, grant plaintiff's motion and deny defendant's cross motion, with the following memorandum, in which Cohalan, J., concurs: In *Barasch v Micucci* (49 NY2d 594), the defendant sought a dismissal of the action for plaintiff's failure to serve a timely complaint following a demand pursuant to CPLR 3012 (subd [b]). Special Term denied the dismissal motion, primarily because it found that defendant had not been prejudiced by plaintiff's delay. (*Id.,* p 598.) The Appellate Division affirmed, but the Court of Appeals reversed, holding that, as a matter of law, Special Term had abused its discretion in denying the dismissal motion. It stated (p 599): "Although the lower courts enjoy considerable latitude in determining whether to dismiss an action pursuant to CPLR 3012 (subd [b]) (see *Sortino v Fisher,* 20 AD2d 25, 27-28), the cases suggest that their decisions must be based upon a genuine consideration of several specific factors." The court then set forth what a plaintiff is required to demonstrate in order to avoid dismissal for failure to serve a timely complaint, viz., a reasonable excuse for the delay in pleading, and evidence of a meritorious claim. (*Id.,* p 599.) As to the first, the court went on to explain: (1) "that those excuses which may be roughly categorized under the heading of 'law office failures,' cannot properly serve as a basis for defeating a motion to dismiss under CPLR 3012 (subd [b]) [citations omitted]" (*id.,* p 599); and (2) that "the absence of prejudice to the defendant cannot serve as a basis for withholding relief under CPLR 3012 (subd [b]) [citations omitted]" (*id.,* p 600). As a matter of law, therefore, these two excuses are insufficient to defeat such a dismissal motion. The court in *Barasch* also stated that the length of delay in serving a complaint is one of a variety of other factors that may have a bearing upon a court's decision to grant or deny relief under CPLR 3012 (subd [b]). This might be interpreted to

mean that a plaintiff can avoid dismissal by merely demonstrating that the delay was not lengthy. In the context of the basic reasoning and holding of *Barasch,* however, such an interpretation is untenable for two reasons. First, *Barasch* requires that, if there is a delay in serving a complaint, a reasonable excuse for the delay must be given. A claim that the delay was not lengthy is no excuse at all, and thus fails to meet this requirement. Second, such a claim essentially addresses the question of prejudice. A plaintiff, of necessity, will argue that the delay was so short as not to have caused any prejudice. *Barasch,* however, categorically rejects the absence of prejudice as a basis for denying a dismissal motion. I am convinced, therefore, that, when *Barasch* speaks of the length of delay as a factor bearing upon a court's decision to grant or deny a dismissal motion, it is assuming that the requisite twofold showing of a reasonable excuse and a meritorious claim has first been met. Only after such a showing has been made, may a court consider the length of delay in finally determining a dismissal motion. In this case, the excuse given for the delay must be categorized as law office failure. Consequently, as a matter of law, it would be insufficient to defeat a motion for dismissal under CPLR 3012 (subd [b]), and the issue of the length of delay would, therefore, be irrelevant. The instant motions, however, are not made pursuant to CPLR 3012 (subd [b]). They are brought (1) by plaintiff, under CPLR 3215, for the entry of a default judgment on the ground that defendant failed to serve a timely answer, and (2) by defendant for an order vacating its default and directing plaintiff to accept its late answer. Thus, at bar, there is the motion by plaintiff and, in response thereto, the subsequently filed motion by defendant, constituting, in effect, papers in opposition to plaintiff's motion. The question remains, therefore, whether *Barasch* is to be limited to a plaintiff seeking to avoid nonsuit, or is equally applicable to a defendant seeking to avoid a default judgment for failure to serve a timely answer. In *Bruno v Village of Port Chester* (77 AD2d 580), this court held that on defendant's motion to vacate a default judgment, entered upon its failure timely to answer, the *Barasch* criteria are applicable. (See *Durakool, Inc. v Commercial Union Assur. Cos.,* 79 AD2d 596.) This holding was obviously grounded on the logical and just principle that a party's dilatory conduct in defending an action should be treated as would the same conduct by a party prosecuting an action. I agree. I note, however, that *Bruno v Village of Port Chester (supra)* and *Durakool, Inc. v Commercial Union Assur. Cos. (supra)* involve defendants' motions to vacate default judgments. Nevertheless, they still constitute sound precedent for the application of *Barasch* against defendant in this case. This is because there is no substantive difference between a defendant's position on a motion to vacate a default judgment, and on a motion, *in response to one by plaintiff for a default judgment,* for an order vacating the default and directing acceptance of a late answer. (Cf. *Crucilla v Howe Richardson Scale Co.,* 80 AD2d 575.) In either case, a defendant takes no affirmative action to have his default excused prior to plaintiff's affirmative move seeking a default judgment. In either case, defendant's motion is, by nature, defensive, whether filed in opposition to plaintiff's original motion for a default judgment, or to vacate a judgment entered upon such motion. I am also convinced that my view in this case is consistent with the holding in *A & J Concrete Corp. v Arker* (54 NY2d 870). *A & J Concrete* stands for the proposition that where a plaintiff, *prior to any motion by a defendant to dismiss an action for lack of prosecution,* moves, pursuant to CPLR 2004, for an extension of time to serve a complaint, it is within the court's power to grant such an extension if the delay in service was not willful or lengthy, and did not cause prejudice to the parties. On the other hand, the Court of Appeals, citing *Barasch v Micucci (supra),* clearly and unambiguously

stated that the considerations on a motion to dismiss, pursuant to CPLR 3212 (subd [b]), whether or not countered by a motion under CPLR 2004, are distinct from those on an affirmative motion for an extension of time to serve a complaint. Thus, just as I have only applied *Barasch* against defendant's *defensive* attempts to avoid a default judgment, so also would *A & J Concrete* only apply *Barasch* against a plaintiff's defensive attempts to avoid nonsuit. I admit that if, in this case, defendant had moved for an order vacating its default and directing acceptance of a late answer *prior* to plaintiff's motion, the situation would have been analogous to that in *A & J Concrete* and the more liberal considerations and broader range of discretion recognized therein would have been permitted here. Such, however, is not the case. Thus, for all of the foregoing reasons, I would hold that defendant has failed, as a matter of law, to present facts sufficient to defeat plaintiff's motion and to avoid a default judgment. Accordingly, I dissent, and vote to reverse, deny defendant's cross motion, and grant plaintiff's motion for a default judgment.