■ ROSE EHRLICH et al., Appellants, v LARRY BARD et al., Respondents. — In an action, *inter alia,* for an accounting, plaintiffs appeal from a judgment of the Supreme Court, Nassau County (Balletta, J.), entered October 22, 1980, which is in favor of defendants, upon the trial court's dismissal of the complaint at the close of the plaintiffs' case, at a nonjury trial. Judgment affirmed, without costs or disbursements. When plaintiff Francine Bard's conversations with her father are excluded in accordance with CPLR 4519 and the hearsay rule, the proof fails to reach the level of a prima facie case. Lazer, J. P., Gulotta, Cohalan and Bracken, JJ., concur.

■ AUDREY FEINBERG, Appellant, v HERBERT FEINBERG, Respondent. — In an action, *inter alia,* to rescind a separation agreement, the plaintiff wife appeals from a judgment of the Supreme Court, Nassau County (Murphy, J.), entered May 5, 1980, which, after a nonjury trial, dismissed the complaint and the supplemental complaint. Judgment affirmed, with costs. The record discloses no evidence of fraud or overreaching on the part of the defendant. Mollen, P. J., Titone, O'Connor and Thompson, JJ., concur.

■ JOSEPH FISCHER et al., Respondents, v TOWN OF CLARKSTOWN et al., Defendants, and KURY HOMES, INC., et al., Appellants. — In an action for money damages and an injunction, defendants Kury Homes, Inc. and Arthur Price, as President of Kury Homes, Inc., appeal (1) from an order of the Supreme Court, Rockland County (Stolarik, J.), entered December 4, 1980, which denied their motion to vacate their default in answering and for leave to serve an answer, and (2) as limited by their brief, from so much of a further order of the same court, entered April 8, 1981, as, upon renewal, adhered to the original determination. Appeal from the order entered December 4, 1980 dismissed as academic. That order was superseded by the order granting renewal. Order entered April 8, 1981, affirmed insofar as appealed from. Plaintiffs are awarded one bill of $50 costs and disbursements. Defendants who seek to vacate a default judgment must (1) demonstrate that there was a reasonable excuse for the delay, and (2) make a prima facie showing of legal merit (see *Bruno v Village of Port Chester,* 77 AD2d 580). Appellants have offered an inadequate excuse for their delay and Special Term properly denied their motion to vacate their default (see *Barasch v Micucci,* 49 NY2d 594; *Bruno v Village of Port Chester, supra*). Mollen, P. J., Titone, O'Connor and Thompson, JJ., concur.