■ ROSE CHINNICI, Appellant, v TONVIN REALTY CORP. et al., Respondents. — In an action to recover for damage to real property, plaintiff appeals from an order of the Supreme Court, Kings County (Kartell, J.), dated May 13, 1981, which denied her motion for a default judgment against defendant Galdon Estates, Inc., and granted said defendant's cross motion to direct plaintiff to accept its answer. Order reversed, on the law, with $50 costs and disbursements, plaintiff's motion granted, and defendant Galdon Estates, Inc.'s cross motion denied. Plaintiff commenced the instant action against defendant Galdon Estates, Inc. (hereinafter defendant) by service of a summons and complaint on March 21, 1979. Defendant did not serve an answer despite three separate notices of default sent by plaintiff on August 3, 1979, October 3, 1979, and March 19, 1980. In June, 1980, defendant referred plaintiff to its insurance carrier. Defendant's carrier secured two extensions of time to answer, the last expiring on October 10, 1980. However, as of January 29, 1981, defendant still had not answered and plaintiff sent a final notice of default. By notice of motion dated March 31, 1981, plaintiff moved for a default judgment against defendant. Defendant opposed the motion and cross-moved for an order directing plaintiff to accept its answer. Its contentions were that plaintiff was not prejudiced by the delay, and that there was a meritorious defense to the action. Special Term denied plaintiff's motion and granted defendant's cross motion. We reverse. The fact that plaintiff may not have been prejudiced does not excuse a totally unexplained delay of more than two years by defendant in serving its answer (see *Barasch v Micucci,* 49 NY2d 594). Although given the opportunity, defendant failed to act diligently or take reasonable steps to cure its default (cf. *A & J Concrete Corp. v Arker,* 54 NY2d 870; *Junior v City of New York,* 85 AD2d 683; *Swidler v World-Wide Volkswagen Corp.,* 85 AD2d 239). Moreover, defendant failed to make a prima facie legal showing of a meritorious defense (*Fischer v Town of Clarkstown,* 86 AD2d 650). Mangano, J. P., Gulotta, O'Connor and Bracken, JJ., concur.