■ JOHN J. FOX, Appellant, v JOSEPH HARTMANN et al., Respondents. — In an action to recover damages for, *inter alia,* malicious prosecution and prima facie tort, plaintiff appeals from an order of the Supreme Court, Rockland County (Kelly, J.), entered March 4, 1982, which granted defendants' motion to vacate their default in pleading, to vacate the notice of inquest filed by plaintiff and to direct plaintiff to accept service of their answer, and denied plaintiff's cross motion for leave to place the action on the calendar for an inquest as to damages. Order affirmed, with $50 costs and disbursements. The instant action was commenced by service of a summons and verified complaint seeking damages for malicious prosecution, prima facie tort, and other torts. Plaintiff, John Fox, set forth a total of 13 causes of action, seeking a total of over $16,000,000. The facts underlying the action revolve around the sale in 1976 of a bakery business owned by the defendants, Mr. and Mrs. Joseph Hartmann. According to the Hartmanns, Fox, an attorney, represented them in the sale. Fox maintains he only represented the husband. The Hartmanns sued Fox for malpractice as a result of his actions in the course of the sale. By oral decision on October 17, 1980, the Supreme Court, Rockland County (Delaney, J.), dismissed the action for malpractice, finding that there was not adequate proof to allow the jury to determine whether the losses suffered by the Hartmanns were occasioned by Fox. Thereafter, on October 19, 1981, the instant action was commenced by Fox against the Hartmanns. On November 4, 1981, the Hartmanns asked David Marshall, of Plattsburgh, New York, an attorney they had retained on another matter, to serve a notice of appearance and demand on Fox, which was done on November 6, 1981. Fox, by return letter, informed Marshall that the notice and demand were meaningless since a summons and complaint had been served, and that he would be processing the default on November 9, 1981. A note of issue (notice for inquest) and certificate of readiness were filed and served on attorney Marshall on November 16, 1981. Fox also made a motion seeking to set a date for an inquest. By order to show cause signed November 25, 1981 and returnable December 4, the Hartmanns moved to vacate the default and the notice for inquest. The motion was made by David Silverman, of New City, New York. It was denied by order entered December 17, without prejudice to renewal upon papers demonstrating an excusable default, and verification of the proposed answer. Fox' motion to set a date for inquest had previously been denied pending a decision on the Hartmanns' motion. The Hartmanns renewed their motion by order to show cause dated December 30, 1981. As an excuse for the delay in answering, they asserted that they were residents of Saranac, New York, and their attorney's (Marshall's) office was in Plattsburgh, New York. The Hartmanns had been attempting to obtain counsel located closer to Rockland County to try the case. They contacted a New Jersey attorney known to them to have him refer them to a New York City or Rockland County attorney. Norman Landau, an attorney from New York City, did in fact contact Fox seeking an extension of time in which to answer, which was refused. The Hartmanns finally retained Silverman through the Rockland County Bar Association. They maintain that they were not dilatory in trying to obtain an attorney to represent them, and the delay should be excused. The Hartmanns also submitted an affidavit as to the merits of their defense. In his renewed cross motion seeking placement on the Inquest Calendar and denial of the Hartmanns' motion, Fox asserted that their excuses were merely law office failure and malpractice, since a notice of appearance is an inappropriate response to a verified complaint. He argued that delays attributable to obtaining suitable counsel also amounted to law

office failure. In granting the Hartmanns' motion, Special Term noted that the papers demonstrated a meritorious defense, and that since the delay in service did not appear to be willful, was not lengthy and did not cause prejudice to plaintiff, it was excusable, even though it might be characterized as law office failure (see *Junior v City of New York,* 85 AD2d 683). The Court of Appeals has recently stated in accordance with its prior ruling (see *Barasch v Micucci,* 49 NY2d 594) that "it is an abuse of discretion to vacate a default on the application of a defendant whose only excuse is law office failure" (*Eaton v Equitable Life Assur. Soc. of U.S.,* 56 NY2d 900, 902, 903). It therefore becomes necessary to make a determination as to whether or not the delay at bar is in fact law office failure. We find that it cannot be so characterized and accordingly it was not an abuse of discretion to vacate the default. Law office failure has been interpreted as involving " 'misplaced files, overlooked time periods, preoccupied attorneys and the like' (Siegel, 'Law Office Failures' No Excuses For Nonservice of Complaint, New York State Law Digest, No. 247; see, also, the three definitional cases cited by *Barasch* itself [at p 599], i.e., *Ferrentino v Farragut Gardens, No. 5,* 35 AD2d 815, app dsmd 28 NY2d 579 [counsel misplaced file]; *Kriegsman v Rosenfeld,* 35 AD2d 693 [counsel misplaced file]; *Wade v Miele,* 34 AD2d 656 [counsel delayed complaint for 18 months])" (*Eaton v Equitable Life Assur. Soc. of U.S., supra,* p 906 [Fuchsberg, J., dissenting]). In *Eaton,* the proffered excuses were the complex nature of the issues and the fact that the pertinent page of an insurance policy was missing. Both excuses have been held to be law office failure (see *Bruno v Village of Port Chester,* 77 AD2d 580, app dsmd 51 NY2d 769; *Stewart v State Farm Mut. Auto. Ins. Co.,* 71 AD2d 705, 706), and insufficient to serve as a basis for excusing a default. In contrast, the excuses offered by defendants at bar do not relate to misplaced files, overlooked time periods, preoccupied attorneys, or complexity of litigation. The delay cannot be attributed to any law office failure. As such, the instant case does not fall within the ambit of *Barasch* or *Eaton.* Accordingly, it is within the court's discretion to vacate the default, based on such factors as the shortness of the delay, the existence of a meritorious defense, the promptness with which defendants moved to vacate the default, the absence of any apparent intention to abandon their defense of the action, and the nature of the excuse. The delay at bar was minimal. Defendants moved promptly to vacate the default, almost immediately upon receiving the note of issue, and less than three weeks after the expiration of the 20-day period within which to file their answer. Moreover, it is clear that defendants unequivocally intended to diligently defend the action, as evidenced by the service of the notice of appearance by Marshall (albeit erroneously) on November 6, as well as Landau's telephone call to plaintiff seeking an extension of time to serve the answer. The fact that defendants were seeking counsel closer to the site of trial is also indicative of an intent to diligently defend. A meritorious defense was established as well. In view of all the circumstances of this case, and upon a determination that the delay was not a result of law office failure, defendants' default was properly excused, and the order appealed from must be affirmed. Mollen, P. J., Titone, Weinstein and Rubin, JJ., concur.