■ THEODORE A. ROSATI, Respondent, v ATLANTIC TRUCK LEASING, INC., Appellant, et al., Defendant. — In an action to recover damages for personal injuries, defendant Atlantic Truck Leasing, Inc., appeals from an order of the Supreme Court, Suffolk County (Tanenbaum, J.), dated September 24, 1981, which denied its motion to vacate a $25,000 default judgment entered in favor of plaintiff. Order affirmed, with $50 costs and disbursements. Plaintiff's action to recover damages for personal injuries was commenced on February 14, 1980. On May 27, 1980 plaintiff notified both appellant and its insurance carrier that the time to answer had expired. A default judgment was granted on August 28, 1980, and the matter was adjourned for an assessment of damages. Before the inquest, appellant's insurance carrier disclaimed liability under the terms and conditions of the policy and directed appellant to retain its own counsel. At the January 14, 1981 inquest, which was upon notice, the court assessed damages at $25,000. On April 23, 1981, final judgment was entered in favor of plaintiff; however, appellant did not move to vacate the default until August 19, 1981. Special Term did not err by denying appellant's motion to vacate. Appellant's excuse that it was "lulled * * * into a false sense of security" by its insurance carrier has no foundation in the record. Instead, the record presents a pattern of indifference which brings this case within the "ambit of law office failure and, under the rationale of *Barasch v Micucci* (49 NY2d 594), these excuses may not properly serve as a basis for excusing a default" (*Eaton v Equitable Life Assur. Soc. of U. S.,* 81 AD2d 653, 654, dissenting opn of Gibbons J., reversed 56 NY2d 900, 902, for reasons stated in dissenting opn of Gibbons, J.). Although given the opportunity, appellant failed to act diligently or take reasonable steps to cure its default (see *Chinnici v Tonvin Realty Corp.,* 88 AD2d 609; see, also, *A & J Concrete Corp. v Arker,* 54 NY2d 870; *Junior v City of New York,* 85 AD2d 683). Because appellant failed to present a valid excuse to warrant vacatur, it is not necessary to consider whether it has made a prima facie showing of a meritorious defense (cf. *Fischer v Town of Clarkstown,* 86 AD2d 650). Titone, J. P., Weinstein, Thompson and Brown, JJ., concur.