■ AYANNA BLAKE, an Infant, by Her Mother and Natural Guardian, DIANNA BLAKE, et al., Appellants, v CITY OF NEW YORK et al., Defendants, and NEW YORK CITY HEALTH AND HOSPITALS CORP., Respondent. — In a negligence action to recover damages for personal injuries, etc., plaintiffs appeal from an order of the Supreme Court, Kings County (Adler, J.), dated February 10, 1982, which granted the motion of defendant New York City Health and Hospitals Corporation to vacate an order directing an inquest as against it, ordered plaintiffs to accept service of an answer, and denied plaintiffs' cross motion to vacate an order staying the inquest. Order reversed, on the law, without costs or disbursements, motion denied and cross motion granted. A defendant who seeks to vacate its default must demonstrate a reasonable excuse for its delay and make a prima facie showing of legal merit (*Fischer v Town of Clarkstown*, 86 AD2d 650; *Bruno v Village of Port Chester*, 77 AD2d 580; *Eaton v Equitable Life Assur. Soc. of U. S.*, 56 NY2d 900, revg 81 AD2d 653). Here, the sole excuse offered by respondent for its failure to answer and its default for some 10 months was inadvertence and oversight on the part of its counsel. This is law office failure and an inadequate excuse for the delay. It cannot support a motion to vacate the default (see *Barasch v Micucci*, 49 NY2d 594; *Eaton v Equitable Life Assur. Soc. of U. S., supra*). Accordingly, it was an abuse of discretion for Special Term to grant respondent's motion and vacate the default. Titone, J. P., Weinstein, Thompson and Brown, JJ., concur.