Morrocoy Marina, Inc., Appellant, v Ann M. Altengarten, Respondent.

Second Department, April 25, 1983

APPEARANCES OF COUNSEL

*Isaac Anolic, P. C.,* for appellant.

*Robert J. Sweeney, P. C.,* for respondent.

OPINION OF THE COURT

*Per Curiam.*

By notice of motion dated April 9, 1982 and made returnable April 26, 1982, defendant moved for an order dismissing plaintiff's amended complaint upon the ground that it failed to state a cause of action. On April 22, 1982, prior to the return date of the motion, plaintiff discharged the attorneys then representing it, expecting to substitute its present attorney, Isaac Anolic. However, Mr. Anolic, who is the sole attorney in his firm, was on vacation and did not return until April 27, 1982. Knowing that Mr. Anolic was on vacation, plaintiff requested the outgoing attorneys to adjourn the motion pending substitution of attorneys. The outgoing attorneys promised to adjourn the motion but failed to do so. Counsel for the defendant admits that he

received a telephone call from Mr. Anolic informing him that he (Anolic) was handling the dismissal motion and inquiring as to the status of said motion, but states that Mr. Anolic did not indicate that he was being substituted as attorney of record.

In any event, on May 5, 1982 a stipulation of substitution of counsel was executed and the plaintiff, by notice of motion dated May 6, 1982 and returnable May 20, 1982, moved for an order seeking the following relief: "(1) opening and vacating plaintiff's default at Special Term, Part I, on April 26, 1982 on defendant's motion to dismiss this action under Rule 3211 (a) (7); (2) that the Court, upon the vacatur of plaintiff's default, hear defendant's motion *de novo,* and thereupon deny said motion; (3) that William Granau be joined as a party defendant and that a supplemental summons and amended complaint issue as to such defendant; and (4) that plaintiff have such other and further relief as to this Court may seem just and proper."

The defendant opposed said motion upon various grounds, including the ground that the "motion to vacate is premature since, as of the date of this affirmation, Judge McGinity has not yet decided the motion, of April 26, 1982, to dismiss the complaint for failure to state a cause of action." Special Term was thus alerted to the fact that the dismissal motion was pending before another Justice and was still undecided. But, instead of referring the vacatur motion to the other Justice, Special Term retained it.

By short form order dated June 8, 1982 and entered June 9, 1982, Justice McGinity, apparently unaware of the fact that plaintiff had made the later motion by which it was seeking to open its default in not opposing the dismissal motion, granted that motion "without opposition".

Some 42 days thereafter, by short form order dated July 21, 1982, Special Term denied the motion, *inter alia,* to vacate the default in opposing the dismissal motion. The denial was based on two grounds: (1) that the stipulation of substitution, dated May 5, 1982, was not filed until May 18, 1982, "twelve days after the making of the instant motion and two days before its return date", so that "[t]echnically * * * the current attorney lacked standing to make

the motion, having failed to comply with the requirements of CPLR 321 (b)", and (2) that the " 'law office failure' on the part of the former attorneys in not applying for an adjournment of the motion, as they had allegedly promised to do, 'as a matter of law is an insufficient excuse for the purpose of supporting a motion to vacate a default [order]'. (*Bruno v. Village of Port Chester,* 77 A.D.2d 580, 430 N.Y.S.2d 13.)"

In our judgment, Special Term should have vacated plaintiff's default in opposing the dismissal motion.

"Law office failure" has been interpreted as involving misplaced files, overlooked time periods, preoccupied attorneys, complexity of litigation and the like (see *Fox v Hartmann,* 90 AD2d 510). The default in this case came about for a different reason — one which we do not consider to come under the umbrella of "law office failure". On the return date of the motion plaintiff, a corporation which could only appear by counsel (see CPLR 321, subd [a]), was, in reality, unrepresented by counsel and was endeavoring to effect a substitution. The first attorney had been discharged and a reasonable period of time was required within which to obtain new counsel who could act for plaintiff. The delay in obtaining substituted counsel and in moving to vacate the default was minimal. The stipulation of substitution was executed on May 5, 1982, a mere nine days after the return date of the dismissal motion; the motion to vacate was made the very next day, May 6, 1982, and it was made returnable on May 20, 1982, which was 19 days before the dismissal motion was even decided. It is clear that the plaintiff unequivocally intended to diligently prosecute the action, that its default was not willful and that its papers disclose a meritorious cause of action. In view of all the circumstances of this case, and upon a determination that the delay was not a result of law office failure, we conclude that Special Term should have exercised its discretion and granted that branch of plaintiff's motion which sought to vacate its default in opposing the defendant's dismissal motion.

Although the stipulation of substitution was not served and filed until two days before the return date of the motion to vacate, that technicality should not have pre-

cluded Special Term from deciding the motion on its merits, inasmuch as the stipulation had been properly executed before the date on which the motion was made.

BROWN, J. P., NIEHOFF, RUBIN and BOYERS, JJ., concur.

Order of the Supreme Court, Nassau County, dated July 21, 1982, reversed, with $50 costs and disbursements, the branch of plaintiff's motion which seeks to vacate its default in opposing defendant's motion to dismiss the amended complaint is granted, the order of dismissal (dated June 8, 1982) is vacated, and the case is remitted to Special Term for (1) a new determination of defendant's motion to dismiss and (2) a determination of the balance of plaintiff's motion. Plaintiff's time to serve papers in opposition to the motion to dismiss is extended until 20 days after service upon it of a copy of the order to be made hereon, with notice of entry.