■ ALBERT MUNZ, Respondent, v LA GUARDIA HOSPITAL et al., Defendants, and HONG RAE CHO, Appellant. — In a wrongful death action predicated upon a claim of medical malpractice, defendant Dr. Hong Rae Cho appeals (1) from an order of the Supreme Court, Nassau County (Goodman, J.), entered December 5, 1983, which granted plaintiff's motion to enter a default judgment against Dr. Cho, severed the action against Dr. Cho from the action pending against the other defendants, set the matter down for an inquest as to damages, and denied Dr. Cho's

cross motion to compel plaintiff to accept his answer and demand for discovery, (2) as limited by his brief, from so much of an order of the same court, dated January 31, 1984, as denied his motion, in effect, to renew his prior motion and cross motion, and to vacate plaintiff's note of issue and statement of readiness, and (3) as limited by his brief, from so much of a further order of the same court, dated May 14, 1984, as denied his motion, in effect, to reargue the previous motions and cross motion.

Appeal from the order dated May 14, 1984 dismissed, without costs or disbursements. No appeal lies from an order denying a motion for reargument.

Order dated January 31, 1984 reversed, insofar as appealed from, without costs or disbursements, appellant's cross motion granted, plaintiff's motion denied, plaintiff's note of issue and statement of readiness vacated and order entered December 5, 1983 vacated on condition that appellant pay personally to plaintiff the sum of $3,500 within 20 days after service upon him of a copy of the order to be entered hereon, with notice of entry. If the condition is met, defendant Dr. Cho shall serve an answer simultaneously with his payment of $3,500. If the condition is not met, order affirmed, insofar as appealed from, without costs or disbursements.

Appeal from the order entered December 5, 1983, dismissed as academic, without costs or disbursements, if the aforementioned condition is met. If it is not, order affirmed, without costs or disbursements.

Under the circumstances of this case, Special Term should have considered the affidavit of Dr. Cho submitted in support of the motion, in effect, to renew the prior motion and cross motion, particularly since the cross motion was prepared by counsel retained by an insurance company that has since disclaimed liability (*see, Esa v New York Prop. Ins. Underwriting Assn.*, 89 AD2d 865; Siegel, NY Prac § 254, at 314). Since there has been no prejudice, the default will be vacated, although an appropriate sanction has been imposed. Lazer, J. P., Weinstein and Eiber, JJ., concur.

Thompson, J., concurs insofar as the appeal from the order dated May 14, 1984 is dismissed and otherwise dissents and votes to affirm the order entered December 5, 1983, and to dismiss the appeal from the order dated January 31, 1984, with the following memorandum. Defendant Dr. Cho was served with a summons and complaint in May 1982. When he failed to enter an appearance or serve an answer, plaintiff, in or about October of 1983, initiated a motion pursuant to CPLR 3215 for leave to enter a default judgment. Cho then cross-moved pursuant to

CPLR 3012 (d) for an order, *inter alia,* compelling plaintiff to accept his answer. The sole affidavit submitted in support of the cross motion was that of Dr. Cho's attorney, who alleged that Dr. Cho had given the summons and complaint to his secretary to mail to his insurer. By order entered December 5, 1983, Special Term granted plaintiff's motion and denied Dr. Cho's cross motion, noting that Cho never submitted an affidavit and his attorney lacked personal knowledge of the facts.

Dr. Cho then initiated a motion to, in effect, reargue his prior cross motion and plaintiff's motion. Dr. Cho submitted an affidavit in which he explained that he was foreign born, and he had failed to appreciate the legal significance of the documents he had been served with. In response, plaintiff argued that Dr. Cho had been in the United States since 1968, had done his internship and residency in this country, and he had been licensed to practice medicine in this country since 1975. Special Term denied the motion to, in effect, reargue. A second motion for the same relief was also denied.

The order entered December 5, 1983, allowing the entry of the default judgment, was correctly decided. Pursuant to CPLR 3012 (d) a reasonable excuse for a default in answering has to be demonstrated, and no reasonable excuse was shown here. The attorney's affidavit was of no probative value because he lacked personal knowledge of the facts (*Barton v County of Monroe,* 92 AD2d 746), so that no reasonable excuse was set forth as a matter of law.

Dr. Cho's affidavit in support of his first motion to, in effect, reargue should not be considered because it was incumbent on him to submit it on his original cross motion (*Rose v La Joux,* 93 AD2d 817; *Erlich v Erlich,* 80 AD2d 882; *Matter of Samson v County of Nassau,* 78 AD2d 657; *Matter of Hooker v Town Bd.,* 60 AD2d 684). Sloppy practice should not be encouraged by considering an affidavit submitted the second time around when no excuse is offered as to why it was not submitted initially. Accordingly, the motion was simply one for reargument, and no appeal lies from an order denying reargument.

Even if the affidavit is considered, Dr. Cho's excuse is palpably inadequate (*Whitaker v McGee,* 95 AD2d 938; *John Malasky, Inc. v Mayone,* 54 AD2d 1059). The lack of prejudice to plaintiff is irrelevant (*Chinnici v Tonvin Realty Corp.,* 88 AD2d 609). It is most unfortunate when a defendant loses his opportunity to have his day in court on the issue of liability, but I do not think that an unexcused default should be vacated simply by imposing a relatively minor sanction of a penalty of payment of money. This approach minimizes the entire significance of a

default judgment to an unacceptable degree. Accordingly, I respectfully dissent.