■ MARK S. COLMAN, Appellant, v BETTY MIGDOL et al., Respondents. [616 NYS2d 757] —On the Court's own motion, it is,

Ordered that the unpublished decision and order of this Court dated September 12, 1994, in the above-entitled case, is recalled and vacated, and the following decision and order is substituted therefor:

In an action to recover damages for libel and slander, the plaintiff appeals (1) from an order of the Supreme Court, Queens County (Lonschein, J.), dated October 15, 1992, which granted the defendants' motion pursuant to CPLR 3211 (a) (7) to dismiss the complaint for failure to state a cause of action, and denied the plaintiff's cross motion, *inter alia,* for judgment in his favor in all respects, and (2) from so much of an order of the same court, dated February 22, 1993, as, upon reargument, adhered to its prior determination.

Ordered that the appeal from the order dated October 15, 1992, is dismissed, without costs or disbursements, as that order was superseded by the order dated February 22, 1993, made upon reargument; and it is further,

Ordered that the order dated February 22, 1993, is modified, on the law, by deleting the provision thereof adhering to the original determination made in the order dated October 15, 1992, and substituting therefor a provision, upon reargument, denying the branch of the defendants' motion which was to dismiss the complaint insofar as asserted against the defendant Betty Migdol and adhering to the determination made in the order dated October 15, 1992, in all other respects; as so modified the order dated February 22, 1993, is affirmed insofar as appealed from, without costs or disbursements, and the order dated October 15, 1992, is amended accordingly.

This action for slander and libel arises out of a contested election to fill vacancies on the Board of Managers (the Board)

of the Bay Club Condominium complex (the Bay Club). The allegedly defamatory statements about the plaintiff were made by the defendants at a March 14, 1991, meeting to consider challenged proxies and ballots which affected the outcome of a special two-part election of the Board held on February 28 and March 5, 1991. The Honest Ballot Association (hereinafter the HBA), an independent entity, had been engaged by the Bay Club to supervise the meeting.

Specifically, prior to the meeting, the plaintiff delivered to the HBA a proxy document which stated that the defendant Max Migdol had given the plaintiff his proxy to vote in the special election. Prior to the meeting, Max Migdol also submitted to the HBA a written statement denying that he ever gave "anyone" a proxy to vote for him. The plaintiff claims that Max Migdol's written statement libeled him by implying that he forged the proxy document. In addition, the plaintiff claims that he was slandered in the same manner by the defendant Betty Migdol's statements during the meeting that her husband Max Migdol never signed a proxy for the plaintiff and that he forged Max Migdol's signature on the document.

It is well established that only statements alleging facts can properly be the subject of a defamation action *(see, Milkovich v Lorain Journal Co.,* 497 US 1; *600 W. 115th St. Corp. v Von Gutfeld,* 80 NY2d 130, 139, *cert denied* — US —, 113 S Ct 2341). In determining whether challenged statements are conveying facts about the allegedly defamed plaintiff, the courts must begin the analysis by looking at "the content of the whole communication, its tone and apparent purpose" *(Immuno AG. v Moor-Jankowski,* 77 NY2d 235, 254, *cert denied* 500 US 954).

The allegedly libelous statements of Max Migdol do not refer to the plaintiff in particular, nor do they implicate anything immoral or criminal about his behavior. In contrast, the statement of Betty Migdol is an assertion of verifiable fact, and when considered from the vantage of the reasonable observer, may be inferred to implicate plaintiff with an immoral or criminal act.

We have examined the plaintiff's remaining contentions and find them to be without merit, including his claim that the defendants' motion to dismiss was not properly before the Supreme Court *(see,* CPLR 2004; *A & J Concrete Corp. v Arker,* 54 NY2d 870; *Junior v City of New York,* 85 AD2d 683). Mangano, P. J., Altman, Hart and Florio, JJ., concur.