| |
|---|
| **Sugin v City of New York** |
| 2025 NY Slip Op 31639(U) |
| May 6, 2025 |
| Supreme Court, New York County |
| Docket Number: Index No. 150197/2025 |
| Judge: Hasa A. Kingo |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
## NEW YORK COUNTY

PRESENT:   HON. HASA A. KINGO

*Justice*

PART      05M

-------------------------------------------------------------------------X

AMY SUGIN, BARBARA SUGIN

INDEX NO.      150197/2025

Plaintiff,

MOTION DATE      N/A

MOTION SEQ. NO.      002

- v -

THE CITY OF NEW YORK,

**DECISION + ORDER ON MOTION**

Defendant.

-------------------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 002) 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36

were read on this motion to                                  VACATE                              .

Defendant, The City of New York ("City"), moves pursuant to CPLR § 5015(a)(1), CPLR § 3012(d), and CPLR § 2004 to vacate the default judgment entered against it on March 25, 2025, to extend its time to appear and serve an answer, and to compel Plaintiffs to accept its late answer and note of issue. Plaintiffs oppose.

## BACKGROUND AND ARGUMENTS

This action arises from an incident on October 26, 2023, in which Plaintiffs Barbara Sugin and her late husband, Leonard Sugin ("Plaintiffs"),[1] were struck by a motor vehicle while crossing Riverside Boulevard at West 70th Street within a marked crosswalk. As a result of the accident, Barbara Sugin sustained serious injuries, and Leonard Sugin died from his injuries. The action was commenced by the filing of a summons and complaint on January 22, 2025, and personal service on the City was effected on January 26, 2025. In turn, the City did not answer. On February 11, 2025, Plaintiffs' counsel sent a certified letter warning that failure to answer would result in default (Aff. ¶ 15). With no answer forthcoming, Plaintiffs moved for default judgment on March 3, 2025 (Aff. ¶ 16), returnable March 24. The City again did not respond, and on March 25, 2025, a default was entered and an inquest scheduled for May 5, 2025 (Aff. ¶ 18–19). Only on April 10, 2025 did defense counsel first contact Plaintiffs, attributing the City's nonappearance to an unexplained "law-office failure" and tendering a belated answer.

In support of its motion, the City contends that the failure to timely appear and answer was due to an administrative error: the complaint was misfiled and not assigned to an attorney until April 3, 2025, when counsel became aware of the default. The City argues that its delay was neither willful nor contumacious and asserts a potentially meritorious defense, including comparative fault

---

[1] Notably, Leonard Sugin is deceased, and Amy Sugin is the executor of his estate.

**150197/2025   SUGIN, AMY ET AL vs. THE CITY OF NEW YORK**
**Motion No.  002**

**Page 1 of 4**

and the absence of prior written notice. The City further contends that there is no prejudice to Plaintiffs, as discovery is in its early stages and no depositions have yet been held.

In opposition, Plaintiffs argue that the City's default was not excusable and that the unexplained failure to follow internal procedures does not constitute a reasonable excuse. They further assert that vacatur of the default would delay resolution of the case and compound the emotional and economic toll already suffered.

Under CPLR § 5015(a)(1), a movant must show both (1) a reasonable excuse for the default, and (2) a potentially meritorious defense (*Eugene DiLorenzo Inc. v Dutton Lumber* Co., 67 NY2d 138, 141 [1986]). "Law office failure" may qualify if supported by credible evidence (*Goldman v Cotter*, 10 AD3d 289, 291 [1st Dept 2004]). Conclusory, contradictory allegations do not (*Galaxy Gen. Contracting Corp. v 2201 7th Ave. Realty LLC*, 95 AD3d 789, 790 [1st Dept 2012]). Ultimately, it is for the court, in its sound discretion, to assess both the adequacy of the proffered excuse and the presence of a meritorious defense (*Mediavilla v. Gurman*, 272 AD2d 146 [1st Dept 2000]).

## I.      Reasonable Excuse

Here, the court reluctantly finds that the City's failure to appear was the product of unintended administrative lapses— "law-office failure"—amid heavy caseloads and the unforeseen misrouting of critical pleadings within the Corporation Counsel's Office. Though this court sternly decries the bureaucratic apathy that allowed the matter to drift unchallenged for weeks, New York precedent recognizes that isolated clerical errors, when promptly corrected upon discovery, may constitute a "reasonable excuse" for a default (*see Galaxy Gen. Contracting Corp.*, 95 AD3d at 790, *supra*). Indeed, non-willful, non-prejudicial delay—whether arising from law office failure or a comparable mishap—can supply a "reasonable excuse" under CPLR § 5015(a)(1) (*Fox v. Hartmann*, 90 AD2d 510 [2d Dept 1982]; *see also Goldman v. Cotter*, 10 AD3d 289, 291[1st Dept 2004]; *see Carrington v. Northwell Health*, 234 AD3d 659, 660-661 [2d Dept 2025]). Here it is undisputed that, for several weeks, the City remained inert—never filing a substantive answer, never acknowledging repeated default warnings, nor offering any urgent communication—only stirring into motion once the note of issue had been entered. While such protracted non-compliance cannot be condoned, the court nevertheless accepts that an administrative breakdown occurred. Going forward, the City is admonished to regroup its internal controls and pursue every possible measure to ensure that similar procedural lapses do not recur.

## II.     Meritorious Defense

The City's proffered answer articulates affirmative defenses of assumption of risk, comparative negligence, and discretionary-function immunity in the design of public roadways. While not yet proven, these defenses are neither frivolous nor fanciful; they raise genuinely disputed issues of notice, fault, and immunity that merit development through discovery (*see Eugene DiLorenzo, Inc.*, 67 NY2d at 141, *supra*; *Williams v City of New York*, 71 AD3d 605 [1st Dept 2010][recognizing that showing of merit for vacatur of the default order is different than the more extensive showing necessary to defeat summary judgment]).

**150197/2025   SUGIN, AMY ET AL vs. THE CITY OF NEW YORK**                                    **Page 2 of 4**
**Motion No.  002**

2 of 4

### III.    Interest of Justice

New York's "public policy favoring resolution of disputes on their merits" (*Woodson v Mendon Leasing Corp.*, 100 NY2d 62, 68 [2003]) compels that both sides be heard. Plaintiffs deserve their day in court to prove the City's negligence; the City deserves a full opportunity to present its defenses. To thwart one side or the other by default—particularly in an action of this magnitude—would offend the very notion of "substantial justice." Moreover, given the serious nature of the claims and the City's asserted defenses, the interest of justice favors adjudication on the merits. The record contains no indication of intentional delay, nor do Plaintiffs claim that relevant evidence has been lost or compromised.

That said, the court re-emphasizes in the strongest terms its disapproval of the City's cavalier litigation posture. Judicial resources are not a tinkertoy of convenience: deadlines exist to serve fairness and finality. Corporation Counsel's Office is admonished to prevent any recurrence of such procedural neglect. Indeed, the court is sympathetic to Plaintiffs' position, particularly given the gravity of their underlying claims. Still, the strong preference under New York law is for resolving matters on their merits rather than by default (*see Eugene DiLorenzo,* 67 NY2d 138, *supra*). Notwithstanding, to address Plaintiffs' concerns about further delay, the court will schedule a settlement conference at which the City must appear with full negotiating authority. If the parties are unable to reach a settlement, they shall, at the conclusion of that conference, submit to a Case Scheduling Order.

Accordingly, it is hereby:

ORDERED that City's motion is granted; and it is further

ORDERED that the default judgment entered against Defendant on March 25, 2025, is vacated; and it is further

ORDERED that Defendant's time to appear and serve an answer to the complaint is extended *nunc pro tunc*, and the answer dated April 5, 2025, is deemed served and accepted; and it is further

ORDERED that the note of issue filed by Plaintiffs is vacated without prejudice to refiling upon the completion of discovery; and it is further

ORDERED that the Clerk of the Court shall vacate the default entered against the City, strike the note of issue, and remove this case from the trial-readiness calendar; and it is further

ORDERED that the parties shall appear for a combined settlement and preliminary conference on Wednesday, May 28, 2025, at 12:00 p.m. in Room 320 of the courthouse at 80 Centre Street, New York, NY 10013.

This constitutes the decision and order of the court.

**150197/2025   SUGIN, AMY ET AL vs. THE CITY OF NEW YORK**                                        **Page 3 of 4**
**Motion No.  002**

3 of 4

[* 3]

2025050616512J3HKING04416ABA228A34B93A432C065C288E260

**5/6/2025**
DATE

**HASA A. KINGO, J.S.C.**

| CHECK ONE: | | CASE DISPOSED | | X | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|---|
| | X | GRANTED | | DENIED | | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | | REFERENCE |

150197/2025   SUGIN, AMY ET AL vs. THE CITY OF NEW YORK
Motion No.  002