ELIZABETH MEINERS, Respondent, v. HARRY R. CHINIGO, Appellant.— Action to recover unpaid installments due under a separation agreement, which was incorporated into a decree of divorce secured by plaintiff in Reno, Nevada. The agreement and decree required the defendant to make weekly payments to the plaintiff for the support and maintenance of their two children and granted defendant rights of visitation. Defendant appeals from an order granting plaintiff's motion for summary judgment. Order affirmed, with $10 costs and disbursements. Defendant asserts on this appeal that plaintiff may not recover because she breached the agreement by removing the children to Reno, Nevada, where she has remained and taken up a permanent residence, thereby depriving him of his rights of visitation. (Cf. *Duryea* v. *Bliven,* 122 N. Y. 567, and *Altschuler* v. *Altschuler,* 248 App. Div. 768.) It is his contention, as embodied in an affidavit by his attorney, that it was the intention of the agreement that defendant should be allowed to exercise his rights of visitation in the home in which plaintiff and the children resided when the agreement was made, and not in a foreign State. This, of course, is merely the opinion of the attorney and is contrary to the plain and unambiguous terms of the agreement which provide that plaintiff may reside at such places as she may see fit to live in, that nothing contained therein shall be deemed to preclude either party from maintaining a suit for divorce in any jurisdiction, and that there were no conditions, promises or understandings between the parties except as provided therein. We must assume that defendant knew that if plaintiff should commence a divorce action in a foreign jurisdiction, she would be required to establish a

permanent residence there, and that the parties did not intend to consent only that a fraudulent suit might be instituted, or that only a colorable residence might be established to support it. Such being the case, the affidavit by defendant's attorney is hardly the proof required by rule 113 of the Rules of Civil Practice to entitle defendant to a trial. There appears to be another reason why defendant may not defeat plaintiff's claim. Apparently the alleged breach of the contract occurred when plaintiff removed to Nevada. Thereafter, defendant appeared in the Nevada divorce action, and it was there adjudged that the separation agreement should be confirmed and approved, the judgment providing that the parties should perform its terms. If, as defendant claims, plaintiff had then breached the agreement by removing with the children to Nevada, he could have so asserted in the Nevada court in opposition to the confirmation of the separation agreement. Whether he did so or not is immaterial. The judgment of the Nevada court conclusively determines the question here presented. (*Schacht* v. *Schacht*, 295 N. Y. 439; *Hoyt* v. *Hoyt*, 265 App. Div. 223; *Frost* v. *Frost*, 260 App. Div. 694; *Fales* v. *Fales*, 160 Misc. 799, affd. 250 App. Div. 751; *Schuylkill Fuel Corp.* v. *Nieberg Realty Corp.*, 250 N. Y. 304.) Nolan, P. J., Wenzel and Schmidt, JJ., concur; Beldock and Murphy, JJ., dissent and vote to reverse the order and to deny the motion for summary judgment, with the following memorandum: On August 26, 1952, the parties entered into a separation agreement, which provided, among other things: (a) each of the parties could reside at any place he or she may see fit; (b) plaintiff was to have custody of the two minor children of the marriage; (c) defendant was to have visitation with the children " at their home or away from home " on one day of each weekend, for three weeks during the summer, and alternate legal holidays; (d) defendant was to pay for the support and maintenance of the children, and (e) either party could maintain an action for divorce and the agreement was to be incorporated in the decree. On October 16, 1952, plaintiff obtained a decree of divorce in Nevada, upon defendant's appearance, the decree incorporating the separation agreement and directing that each of the parties comply with the agreement. Plaintiff remarried in Nevada and continues to reside there with her second husband and both children. Defendant has not made any payments for the support of the children since December 7, 1952. In this action to recover unpaid installments due under the separation agreement for the support of the children, defendant appeals from an order granting plaintiff's motion for summary judgment. In our opinion, the order should be reversed and the motion for summary judgment denied. There are issues of fact to be determined: (1) whether the plaintiff, as custodian, had a bona fide reason for removing the children to Nevada and continuing to keep them there permanently; (2) whether the removal and continuing to remain there is consistent with the welfare of the children; (3) whether the parties intended that the payments for the support of the children were to be conditional on the observance of the visitation provisions of the contract, and (4) whether the parties intended that the children were to remain where defendant's right of visitation could be reasonably enjoyed.