█ MARGARET STERNS, Appellant, v. ERNEST STEVANS, Respondent.— In an action, based upon a separation agreement and a Florida decree of divorce, to recover accrued payments due thereunder for the support and maintenance of the infant daughter of the parties, plaintiff appeals from a judgment of the Supreme Court, Nassau County, entered March 21, 1960, dismissing her complaint. Plaintiff is the former wife of defendant. In the State of New York, while still married, the parties entered into a separation agreement which provided that plaintiff shall have custody of their minor daughter; that the defendant shall have custody of their minor son; that defendant shall pay $25 a week for the support of the daughter during her minority; and that defendant shall have certain rights of visitation with respect to the daughter. Subsequently, in the State of Florida, plaintiff brought an action for divorce against the defendant, in which he appeared and answered. That action resulted in a decree of divorce which confirmed and incorporated the separation agreement. In this action to recover the arrears of weekly payments due under the separation agreement and the Florida divorce decree, defendant in his answer asserts affirmative defenses to the effect that plaintiff breached the provisions of the separation agreement and the decree by removing the daughter to Canada and thereby depriving him of his rights of visitation. The learned Trial Justice dismissed the complaint on the ground that the defendant's obligation to support his daughter was suspended while the plaintiff maintained said daughter without this State. Judgment reversed on the law and the facts and a new trial granted, with costs to abide the event. The separation agreement provides that from time to time each party may reside at such place or places as he or she may deem fit. The Florida decree did not require the plaintiff to keep and maintain the daughter in the State of New York; nor was the defendant's obligation to support the daughter therein conditioned upon plaintiff's maintenance of the daughter within the State of New York. If plaintiff has violated the terms of the decree with respect to the defendant's rights of visitation, his remedy lies in a motion to amend said decree with respect to the provisions requiring him to make payments for support. In the absence of such a modification the plaintiff's conduct in maintaining the daughter in Canada furnished no reason for defendant's relief from his obligation to support his daughter as directed by said decree (*Leifer* v. *Leifer*, 2 A D 2d 898; *Fox* v. *Fox*, 273 App. Div. 895; *Altschuler* v. *Altschuler*, 246 App. Div. 779). Insofar as the separation agreement is concerned, if there be any breach thereof by reason of the plaintiff's maintenance of the daughter without the State of New York, such breach occurred when the plaintiff maintained the daughter with her first in Canada (for the two months following the date of the agreement) and thereafter in Florida for approximately six months preceding the decree. Such a breach could have been asserted by the defendant in the Florida court in opposition to

the confirmation of the separation agreement. By then failing to assert such breach as a defense, the decree of the Florida court must be deemed to have conclusively determined adversely to defendant any defense which may now be based upon such breach (*Meiners* v. *Chinigo*, 283 App. Div. 1096). The Goldener case (*Goldener* v. *Goldener*, 284 App. Div. 961, affd. 309 N. Y. 675) is readily distinguishable from the facts in the instant case. Nolan, P. J., Ughetta, Kleinfeld, Pette and Brennan, JJ., concur.