■ JEANNE DI GANGI, Appellant, v JOSEPH T. SCHIFFGENS et al., Respondents. — In a negligence action to recover damages for personal injuries, plaintiff

appeals from (1) an order of the Supreme Court, Queens County (Dufficy, J.), dated September 8, 1981, which granted defendants' motion to vacate a default judgment, and (2) a further order of the same court, dated September 14, 1981, which denied plaintiff's motion to renew. Order dated September 8, 1981, reversed, on the law, and motion denied. Appeal from the order dated September 14, 1981 dismissed as academic, in light of the determination of the appeal from the order dated September 8, 1981. Plaintiff is awarded one bill of $50 costs and disbursements. The excuse proffered by defendants for their failure to answer plaintiff's complaint was that their insurance company advised them that they could ignore the summons and complaint since they had no liability to the plaintiff under the facts as related by the defendants. Even if true, this does not, in our view, constitute a reasonable excuse for defendants' default and, accordingly, the default judgment must stand (see *Eaton v Equitable Life Assur. Soc. of U. S.*, 56 NY2d 900, 902; *Bruno v Village of Port Chester*, 77 AD2d 580; cf. *Swidler v World-Wide Volkswagen Corp.*, 85 AD2d 239). It should be noted that the truthfulness of the excuse will probably be determined in the separate action brought in the Supreme Court, Nassau County, by defendants' insurance company which seeks a judgment declaring that the insurer is not obligated to provide coverage to defendants because they failed to give the company timely written notice of the instant suit. If it is determined in that action that the company did, in fact, furnish wrongful advice to defendants, defendants may wish to seek recourse against the company for any damages resulting therefrom. Mollen, P. J., Lazer, Mangano and Brown, JJ., concur.