■ STELLA IAIA et al., Respondents, v MODELL'S SHOPPERS WORLD, INC., et al., Appellants. — In an action to recover damages for personal injuries, etc., defendants appeal from an order of the Supreme Court, Suffolk County (Orgera, J.), dated June 16, 1982, which denied their motion to vacate their default in answering and to compel acceptance of their answer. Order affirmed, with $50 costs and disbursements. The failure of defendants' insurer to forward the file to an attorney to defend the instant action, which resulted in a six and one-half month delay in answering, is an inadequate excuse. Hence, Special Term properly denied defendants' motion to vacate their default (see *Chinnici v Tonvin Realty Corp.*, 88 AD2d 609; *Fischer v Town of Clarkstown*, 86 AD2d 650; *Bruno v Village of Port Chester*, 77 AD2d 580; see, also, *Di Gangi v Schiffgens*, 90 AD2d 805). Damiani, J. P., Gulotta, O'Connor and Brown, JJ., concur.

■ DALE W. LANG, Respondent, v S. GEORGE GIANIS, Appellant. — In an action to compel specific performance of a contract for the purchase and sale of real property, defendant appeals from an order of the Supreme Court, Suffolk County (Underwood, J.), dated September 15, 1981, which denied his motion, *inter alia,* to dismiss the complaint. Order reversed, on the law, with $50 costs and disbursements, and motion to dismiss granted. Even if it could be said that plaintiff's acts of depositing 10% of the purchase price of the real property in question in escrow, and his ordering of certain investigative reports were unequivocally referable to the challenged contract for its purchase and sale (see *Wilson v La Van,* 22 NY2d 131; *Woolley v Stewart,* 222 NY 347, 351; *King v Bowdy,* 77 AD2d 726), it is clear that by such acts the plaintiff did not substantially change his position in such a way that he cannot be made whole or will sustain substantial damages unless specific performance is decreed (see *Woolley v Stewart, supra; Cooley v Lobdell,* 153 NY 596; *Miller v Ball,* 64 NY 286; *Cagger v Lansing,* 43 NY2d 550, 551; see, generally, 56 NY Jur, Statute of Frauds, §§ 279-281, pp 386-388). Therefore, Special Term erred in denying defendant's motion to dismiss the complaint for specific performance. O'Connor, J. P., Bracken, Brown and Niehoff, JJ., concur.