■ PALLETTE STONE CORPORATION, Respondent, v FRED EBERT, Doing Business as EBERT'S PAVING, Appellant. [620 NYS2d 611] —Mercure, J. Appeal from an order of the Supreme Court (Viscardi, J.), entered August 5, 1993 in Saratoga County, which denied defendant's motion to vacate a default judgment entered against him.

Plaintiff commenced this action on November 7, 1989 by personal service of a summons with notice upon defendant. Avowedly taking the position that the service did not confer jurisdiction over him because he had never filed a certificate of doing business under the name of Ebert's Paving, defendant did not appear in the action. Plaintiff subsequently sought and obtained a default judgment in the amount of $19,773.21. Defendant then moved to vacate the judgment for want of jurisdiction (CPLR 5015 [a] [4]) or as procured by fraud or misrepresentation (CPLR 5015 [a] [3]) or, that failing, that the judgment be opened so that he could present a defense on the merits (CPLR 5015 [a] [1]; 3012 [d]). Supreme Court denied the motion and defendant appeals.

We affirm. There is no question that plaintiff obtained personal jurisdiction over defendant and that the mere misstatement of a party's business name cannot constitute fraud or misrepresentation within the purview of CPLR 5015 (a) (3). As for the alternative request for relief from the default, the burden was on defendant to show a reasonable excuse for his default and a meritorious defense to the action (see, *La Griglia, Inc. v Firemen's Ins. Cos.*, 198 AD2d 637, 638, *lv dismissed* 83 NY2d 801). Even accepting the premise that defendant has made a showing of a colorable defense to the action, we cannot subscribe to the view that defendant's avowed assumption that he was free to ignore a summons naming him as an individual defendant because of the paper's purported misstatement of his trade name establishes a reasonable excuse for his default (see, *Fargnoli Food Distrib. v Jennies Bakery*, 209 AD2d 806; *Whitaker v McGee*, 95 AD2d 938, 939; *Di Gangi v Schiffgens*, 90 AD2d 805, 806). As a final matter, the current argument concerning plaintiff's noncompliance with the notice requirement of CPLR 3215 (g) (3) was not raised before Supreme Court and, thus, has not been preserved for our consideration.

Cardona, P. J., Mikoll, White and Yesawich Jr., JJ., concur. Ordered that the order is affirmed, with costs.