OPINION OF THE COURT
Judith J. Gische, J.
This motion raises the novel issue about whether a postjudg *953 ment agreement assigning a defendant’s right to reimbursement from a third-party defendant is void as against the public policy of the Workers’ Compensation Law where the original plaintiff and the third-party defendant are employee and employer. The material facts, although complicated, are not in dispute.
In 1981 Theodore Crawford was severely injured while he was performing demolition work as an employee of B.C. Enterprises, Inc. Mr. Crawford was precluded by the Workers’ Compensation Law from suing his employer for personal injuries. (Workers’ Compensation Law § 11.) Mr. Crawford did, however, bring a Supreme Court action in Bronx County against the City of New York, Jimmie L. Williams and Geneval K. Williams (Bronx action). The Williamses were the owners of the premises which were being demolished at the time plaintiff was injured. Defendants each commenced third-party actions against Crawford’s employer, B.C. Enterprises, Inc. There is no dispute that the third-party actions were authorized pursuant to Dole v Dow Chem. Co. (30 NY2d 143 [1972]).[1]
After a jury trial in the Bronx action, Theodore Crawford obtained a verdict in the amount of $1,223,787.50 against Jimmie L. Williams and Geneval K. Williams.[2] Jimmie L. Williams and Geneval K. Williams obtained a verdict for 100% contribution from third-party defendant B.C. Enterprises, Inc. The judgment for contribution was contingent upon the Williamses actually paying out on the judgment rendered against them. (CPLR 1403; Klinger v Dudley, 41 NY2d 362 [1977].) The judgment, entered on July 28, 1992, provides in pertinent part: "adjudged, that the defendants, jimmie l. williams and geneval k. williams, have judgment against the Third-Party defendant/Second Third-Party defendant, b.c. enterprises, inc. for the full amount of any monies paid by them to the plaintiff in satisfaction of this judgment.”
In October 1994 Theodore Crawford, Jimmie L. Williams, Geneval K. Williams and Zorina Guri (the plaintiff in this ac *954 tion) entered into an agreement (assignment agreement) which forms the basis for the action at bar. Under the material terms of the assignment agreement:
1. Guri loaned the Williamses $10,000 which was to be repaid to Guri with interest calculated at 5%. The loan was guaranteed by Crawford.
2. The Williamses agreed to pay the entire $10,000 to Crawford in partial satisfaction of Crawford’s judgment against them in the Bronx action. Upon receipt of the $10,000 Crawford was to deliver a partial satisfaction of judgment to the Williamses.
3. The Williamses assigned the partial satisfaction of judgment to Guri. In addition the Williamses assigned all of their rights and interest in the Bronx action judgment, including the judgment for contribution, to Guri.
4. To the extent that Guri had any recovery against B.C. Enterprises, Inc. under the assignment, Guri would retain the first $10,000 of the recovery with the remainder to go to Crawford.
Pursuant to the assignment agreement, the $10,000 loan was made; the monies were immediately turned over to Crawford; Crawford delivered a partial satisfaction of judgment and the partial satisfaction and assignment of judgment were turned over to Guri.
Defendant State Insurance Fund (SIF) is a New York State agency which provides employers with insurance pursuant to Workers’ Compensation Law § 76. SIF issued an insurance policy to B.C. Enterprises, Inc. against personal liability or injury sustained by B.C. Enterprises, Inc.’s employees.
Defendant Atlanta International Insurance Company (AIIC) is a private insurance company. AIIC issued an insurance policy to B.C. Enterprises, Inc. against liability for personal injury claims.
Guri commenced this action against both SIF and AIIC claiming that pursuant to the Bronx judgment, the partial satisfaction of judgment, the assignment of judgment and the insurance policies each defendant issued, they are required to reimburse her for the $10,000 paid to Crawford in satisfaction of the judgment against the Williamses.
SIF moves for summary judgment dismissing the complaint against it on the ground that the assignment agreement is void and unenforceable pursuant to the public policy of the Workers’ Compensation Law. Guri cross-moves for summary judg-
*955 ment against both defendants. SIF claims that in effect the assignment agreement is a scheme by which an employer (or its insurer) is forced to compensate its employee beyond that which is otherwise allowed under the Workers’ Compensation Law. Guri claims that the assignment agreement is a bona fide transaction, recognized as valid in the Court of Appeals in the case of Feldman v New York City Health & Hosps. Corp. (56 NY2d 1011 [1982]).
AIIC also cross-moves for summary judgment dismissing the complaint against it on the , same grounds as SIF and on. the additional ground of late notice.
DISCUSSION
Although summary judgment is a drastic remedy because it deprives a litigant of a day in court, it should be granted where there are no disputed material issues of fact. (CPLR 3212; Andre v Pomeroy, 35 NY2d 361 [1974].) The enforceability of an unambiguous contract is generally a question of law, appropriate for a court to determine. (Deering Milliken v Clark Estates, 43 NY2d 545 [1978]; Hartford Acc. & Indem. Co. v Wesolowski, 33 NY2d 169 [1973].) This case, which concerns the enforceability of the assignment agreement, is ripe for a summary judgment determination.
The Enforceability of the Assignment Agreement
Preliminarily it is important to understand that although this action concerns only $10,000 the parties acknowledge that the ultimate decision regarding the validity of the assignment agreement will affect the collectability of the entire $1.2 million judgment. Guri intends to use any recovery made in this action to further satisfy Crawford’s judgment against the Williamses creating a new enforceable debt against the defendants. These payments against the judgment and consequent indebtedness would continue until the judgment was paid or the insurance coverage was depleted.
It is well established that the Legislature, in enacting the Workers’ Compensation Law, intended that the administrative proceeding under the statute be the sole and exclusive remedy of an employee against his or her employer for injuries sustained during the course of employment. (Workers’ Compensation Law §§ 11, 29 [6].) Fixed compensation is guaranteed to the injured employee regardless of fault and in exchange for reducing the costs and risks of litigation. (Gonzalez v Armac Indus., 81 NY2d 1, 8 [1993].)
*956 In Dole v Dow (30 NY2d 143, 151 [1972], supra) the Court of Appeals carved out an exception to the exclusivity provisions of the Workers’ Compensation Law. Dole v Dow permits a defendant to recover contribution from a plaintiff’s employer for a work-related injury. The exclusion, however, has been construed narrowly by the courts. (See, Dilly v Consolidated Mach. Tool Corp., 51 NY2d 152, 159 [1980]; Heritage v Van Patten, 59 NY2d 1017, 1019 [1983].)
Notwithstanding the narrow construction of the Dole v Dow exception to the exclusivity of remedies under the Workers’ Compensation Law, at the time the Williamses sought contribution and obtained a third-party judgment against Crawford’s employer, B.C. Enterprises, Inc., in the Bronx action, the narrow exception applied.[3]
In a context wholly apart from the Workers’ Compensation Law, the Court of Appeals approved the validity of assignment agreements like the one between Guri, the Williamses and Crawford. In Feldman v New York City Health & Hosps. Corp. (56 NY2d 1011 [1982], supra) the Court of Appeals upheld the validity of postjudgment assignment agreements by reversing the Appellate Division and reinstating the order of the Supreme Court for the reasons stated in the opinion of Justice Irving S. Aronin (107 Misc 2d 145 [Sup Ct, Kings County 1981]). Mr. Feldman had loaned certain defendants money in order to satisfy a judgment that had been rendered against the defendants in a separate action. The defendants had obtained a judgment of contribution against third-party defendant New York City Health and Hospitals Corp. (NYCHHC). In connection with the loan Feldman obtained an assignment of defendants’ rights under the third-party judgment. Feldman sued NYCHHC for recovery. Justice Aronin held that the loan transaction was bona fide and enforceable. In so holding Justice Aronin expressly rejected any argument that the loan agreement violated the Court of Appeals decision in Klinger v Dudley (41 NY2d 362 [1977], supra). Klinger prohibits a plaintiff from collecting against a third-party judgment where the defendant has not paid the judgment in the first instance.
Defendants argue that the combination of the permissible Workers’ Compensation Law exclusion of Dole v Dow (supra) *957 with an otherwise enforceable postjudgment assignment agreement creates an unenforceable exclusion to the Workers’ Compensation Law. This court disagrees.
Defendants’ liability in this case stems from a straightforward application of the Dole v Dow exception to the Workers’ Compensation Law. The loan arrangement is not an extension of the Dole v Dow exception. It does not create liability where none otherwise existed. The loan merely permits the enforceability of a judgment which is otherwise permissible under Dole v Dow (supra). The loan arrangement was expressly approved by the Court of Appeals in Feldman v New York City Health & Hosps. Corp. (supra).
The subsequent Court of Appeals decision in Gonzalez v Armac Indus. (81 NY2d 1 [1993], supra) does not command a different result. In Gonzalez the Court considered the enforceability of a pretrial agreement in which a plaintiff agreed not to enforce any judgment against defendant in excess of 2% of the total damages awarded except to the extent loan arrangements were made to permit the plaintiff to collect any monies from the third-party defendant. The Court held that the pretrial agreement, which limited defendants’ liability to 2%, was a release from liability within the meaning of section 15-108 (c) of the General Obligations Law. The Court went on to recognize that the agreement did violence to the Workers’ Compensation Law by indirectly allowing an employee to reach beyond an impecunious or insolvent defendant and into the employer’s deep pockets for recovery. Defendants argue that the Court’s decision in Gonzalez means that in the context of the Workers’ Compensation Law, Feldman-type assignment agreements will not be enforced.
Defendants’ arguments read too much into Gonzalez (supra). Gonzalez does not overrule or otherwise limit Feldman (supra) either in the context of the Workers’ Compensation Law or generally. Indeed the Court expressly distinguishes its holding in Gonzalez from the loan arrangements it approved in Feldman. The Court states in Gonzalez in pertinent part (at 7-8): "Nor is there merit to appellants’ contention that the agreement here is simply a loan arrangement similar to the one sanctioned in Feldman v New York City Health & Hosps. Corp. * * * In Feldman, the Court approved an agreement in which a stranger to the litigation loaned the main defendant the amount necessary to pay the plaintiff so that it could then seek contribution from the third-party defendant. There, the relative liabilities had already been established at trial and the *958 parties were simply attempting to devise a way to satisfy those liabilities. This case is distinguishable because the agreement was reached prior to trial and prior to the determination of the parties’ relative exposure to liability.”
The two distinguishing factors recognized by the Court of Appeals in Gonzalez (supra) are also present at bar. First, the assignment agreement was made two years after judgment was entered. It was not a pretrial arrangement. There is every reason to believe that the Williamses put forth a full defense at the trial of the Bronx action. In addition, the loan agreement was made with a third party who is a stranger to the litigation. Guri made the loan as an investment opportunity to make over a 10% return on her money.
Accordingly, the court finds that the assignment agreement is fully enforceable by Guri against SIF and AIIC.
Timeliness of Notice of Claim Under AIIC Policy AIIC claims that it is additionally entitled to summary judgment dismissing the complaint because B.C. Enterprises, Inc., its insured, failed to give it notice of the claim "as soon as practicable” as required under the policy. The underlying injury occurred on October 7, 1981. AIIC’s first notice of the claim was February 9, 1990, over eight years later. The notice appears to have been in response to B.C. Enterprise, Inc.’s receipt of a third-party summons and complaint from the City of New York.
Guri does not argue that the notice of claim was timely. Instead she argues that AIIC’s denial of coverage was itself defective and consequently may not be raised as a defense. On April 13, 1990 AIIC wrote separate letters to B.C. Enterprises, Inc. and the City of New York disclaiming coverage. The letter to B.C. Enterprises, Inc. provides in pertinent part:
"Thus, to the extent that B. C. Enterprises did not provide any notice to Atlanta International Insurance Company of the occurrence giving rise to the claim against it by the City of New York until nine years after said occurrence, it is clear that B.C. Enterprises failed to comply with Section 4 of policy GLA 6081, requiring notice of an occurrence 'as soon as practical.’
"Accordingly Atlanta International Insurance Company expressly reserves all rights under the policy and available at law to deny coverage and/or rescind the policy on the basis of B.C. Enterprise’s failure to comply with the notice of occurrence provision in said policy”.
*959 The letter to the City of New York is similar in content.
Guri argues that the April 13, 1990 letters are merely reservation of rights letters that are ineffective to preserve an insurer’s claim of late notice. In addition, Guri argues that in violation of Insurance Law § 3420 (d), notices of disclaimer of coverage were not sent to all appropriate parties.
Insurance Law § 3420 (d) provides: "If under a liability policy delivered or issued for delivery in this state, an insurer shall disclaim liability or deny coverage for death or bodily injury arising out of a motor vehicle accident or any other type of accident occurring within this state, it shall give written notice as soon as is reasonably possible of such disclaimer of liability or denial of coverage to the insured and the injured party or any other claimant.”
It is well settled that an insurance company may not disclaim liability if it fails to give the insured timely notice of the disclaimer as soon as is reasonably possible after it first learns of the accident or the ground for disclaimer. (Matter of Aetna Cas. & Sur. Co. v Rosen, 205 AD2d 684 [2d Dept 1994].) This rule applies even if the insured has failed to provide the carrier with timely notice of an accident and a fortiori applies where, as here, the sole ground for disclaiming liability is the insured’s failure to timely notify. (Matter of Aetna Cas. & Sur. Co. v Rosen, supra.)
A perusal of the April 13, 1990 letters reveals that they are merely an expression of reservations of rights. They do not expressly disclaim liability or deny coverage. The Court of Appeals has held that letters which merely reserve the carrier’s rights to disclaim coverage are not notices of disclaimers of liability or denials of coverage within the meaning of Insurance Law § 3420 (d). (Hartford Ins. Co. v County of Nassau, 46 NY2d 1028 [1979].) Accordingly, AIIC is not entitled to disclaim liability based upon late notice of the claim to it.
CONCLUSION
In accordance with the foregoing the court: (1) denies SIF’s motion for summary judgment dismissing the complaint; (2) grants plaintiff’s cross motion for summary judgment against defendant SIF on the first cause of action and against defendant AIIC on the second cause of action in the amount of *960 $10,000, together with interest from October 1, 1994 and with the costs and disbursements of this action; and (3) denies AIIC’s cross motion for summary judgment dismissing the complaint.

. The scope of Dole v Dow (supra) has recently been limited by legislative action. Employers may no longer be sued by third parties for contribution or indemnity except in cases where the employee has sustained a "grave injury” as defined in the Workers’ Compensation Law. (1996 NY Senate-Assembly Bill S 7951, A 11331.)

. Plaintiff’s claims against the City of New York were dismissed before trial.

. Although the recent amendments to the Workers’ Compensation Law eliminated most cases for contribution brought as a result of Dole v Dow (supra), it still retained an exception where the employee sustained a "grave injury”. The recent amendments cannot retroactively undo the third-party judgment obtained in the Bronx action and underlying this action. (1996 NY Senate-Assembly Bill S 7951, A 11331.)