█ MABEL PELLERIN et al., Respondents, v. GROVEVILLE CORPORATION, Appellant.— In a negligence action to recover damages for personal injuries, etc., defendant appeals from an order of the Supreme Court, Dutchess County, dated August 25, 1969, which granted plaintiffs' motion (1) to open their default in serving a complaint, (2) to vacate a prior determination to dismiss their complaint and (3) to enlarge their time to serve a complaint. Order reversed, on the law and the facts, without costs, and motion denied. In our opinion, plaintiffs' delay of over 18 months in serving their complaint was not justified by their attorney's excuse that "the file was lost". We have repeatedly held that such excuse is legally insufficient (*Morales* v. *City of New York*, 29 A D 2d 875; and cases cited therein). Plaintiffs' attorney deposed that the file was lost when an investigator, to whom it had been given, met with an automobile accident and the vehicle was towed away with the file in it to an undisclosed place, and that about a year thereafter the investigator located the "junked" vehicle and found the file, thereby enabling plaintiffs' attorney to serve the complaint *four months later*. The assertion made by plaintiffs' attorney that the did not have sufficient facts to draft the complaint until the file was "found" is patently without merit. A reading of the proposed complaint discloses nothing more than routine, form book allegations into which the attorney need only have inserted the names of the parties and the date and nature of the accident, all of which information was available during the 18 months of inaction here involved (cf. *Houle* v. *Wilde*, 22 A D 2d 727). Moreover, were we to view the reason for the delay as somewhat outside the pale of the usual misplaced file situation, we would nevertheless be disposed to reverse and deny the motion. The totality of circumstances does not impress us as excusing the attorney's lack of diligence (*Sortino* v. *Fisher*, 20 A D 2d 25; *Greenwald* v. *Zyvith*, 23 A D 2d 201). Hopkins, Acting P. J., Munder, Martuscello, Brennan and Benjamin, JJ., concur.

█ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v. HAROLD BARNETT, Respondent.— Appeal from an order of the Supreme Court, Queens County, dated September 14, 1966 which granted defendant's motion for reargument of his motion to dismiss the indictment, which charged defendant with manslaughter in the first degree, and thereupon dismissed the indictment "with leave to the District Attorney to re-present this matter to the Grand Jury upon other evidence, the Court having read the Grand Jury minutes." Pursuant to leave granted in the order of this court dated October 27, 1969, respondent has renewed his motion to dismiss the appeal. Appeal dismissed. Defendant was accused of manslaughter in the first degree in that he struck and killed his 13-month-old son, in the presence of his wife and 2½-year-old daughter. The trial court dismissed the indictment on the ground that the wife had been compelled to disclose a confidential communication in violation of section 2445 of the Penal Law. Between September 30, 1966, the date that the notice of appeal was filed, and February, 1969, the District Attorney did nothing to perfect the appeal. Such delay by the People in perfecting their appeal was inexcusable (cf. Code Crim. Pro., § 535; *People* v. *Webster*, 12 N Y 2d 1019; Rules of App. Div. 2d Dept. [22 NYCRR 670.15]). Christ, Acting P. J., Martuscello, Brennan and Benjamin, JJ., concur; (Beldock, P. J., deceased.)