■ CHARLES K. STRASSER, Appellant, v ANNA M. PENDINO et al., Respondents. — In a negligence action to recover damages for personal injuries, plaintiff appeals from an order of the Supreme Court, Dutchess County (Rosenblatt, J.), entered March 10, 1982, which granted defendants' motion to vacate a default judgment, upon condition that defendants' attorney pay $250 to the plaintiff. Order reversed, on the law, without costs or disbursements, and motion denied. It may reasonably be inferred from the record that defendants, after being served with a copy of the summons and complaint in this action, exercised due diligence in forwarding such papers to their insurer. However, no details have been forthcoming either from the insurer or counsel assigned by it to defendants' file as to when the insurer directed counsel to prepare and serve an answer on behalf of defendants. Moreover, no satisfactory explanations have been offered as to (a) why an answer was not served on behalf of defendants until 38 days after expiration of defendants' statutory time to interpose an answer, and one day after a default judgment against defendants was signed and (b) why counsel for the insurer and defendants did not move to vacate their default until more than three months after plaintiff's attorney duly rejected the answer served by opposing counsel as untimely. Thus the unexcused delay in interposing the answer herein is chargeable to the insurer and is "akin to a law office failure" (*Bruno v Village of Port Chester*, 77 AD2d 580). The additional delay of more than three months in bringing the application to vacate the default is attributable to counsel and constitutes law office failure (*Barasch v Micucci*, 49 NY2d 594; *Q.P.I. Rests. v Slevin*, 58 NY2d 769, revg 88 AD2d 844). Both forms of dilatory conduct are, as a matter of law, insufficient excuses for the purpose of supporting a motion to vacate a default judgment. Accordingly, it was an abuse of discretion to grant defendants' motion (*Barasch v Micucci, supra; Q.P.I. Rests. v Slevin, supra*). Titone, J. P., Mangano, Gibbons and Weinstein, JJ., concur.