■ LORRAINE WAGENKNECHT, Appellant, v GOVERNMENT EMPLOYEES INSURANCE COMPANY, Respondent. — In a contract action based upon an alleged insured vandalism loss of $6,568.84, under an automobile policy issued by the defendant underwriter, the plaintiff appeals from an order of the Supreme Court, Nassau County (Roncallo, J.), dated August 23, 1982, which granted the defendant underwriter's motion to, *inter alia,* vacate the default judgment entered against it. Order modified, as a matter of discretion, by adding thereto a provision conditioning the granting of the motion upon payment of $500 personally by defendant's attorney to the appellant. As so modified, order affirmed, without costs or disbursements. Defendant's attorney's time to comply with this condition is extended until 15 days after service upon defendant's attorney of a copy of the order to be made hereon, with notice of entry. Plaintiff commenced this action against her insurer by service of a summons and complaint on April 7, 1982. The defendant did not answer the complaint within the 20-day period set forth in CPLR 3012 (subd [a]), did not obtain an extension of time from plaintiff's attorney, and did not obtain a court order providing for an extension. After the time to answer had expired, the defendant's attorney mailed a verified answer, dated May 17, 1982, to plaintiff's attorney. Said answer was rejected by plaintiff's counsel on May 20, 1982. On the same day, to wit, May 20, 1982, the plaintiff moved for an order granting her a judgment on default in the amount of $6,568.84, plus interest and costs, or, in the alternative, for an order directing an inquest for the assessment of damages. The defendant's opposition to the motion included (1) an affirmation by its attorney wherein it was pointed out, *inter alia,* that the delay involved was only a few days; that counsel needed additional time to obtain required information concerning plaintiff's complaint before interposing an answer; that there was no prejudice to the plaintiff; and that no default

was intended by the defendant who had every intention of contesting the matter on the merits; (2) an affidavit by the material damage investigator employed by the defendant who examined the plaintiff's vehicle, contesting the merits of the plaintiff's claim; (3) specimen copies of the insurance policy involved; and (4) a copy of the letter from the defendant to the plaintiff stating the reason for the company's denial of her claim. The plaintiff submitted an affirmation in reply in which he complained, among other things, of law office failure by defendant's counsel. By order dated July 9, 1982, Special Term (Young, J.), granted a default judgment to the plaintiff against the defendant noting that the "moving papers clearly demonstrate that defendant failed to timely answer the complaint". However, said order went on to declare that "[d]efendant is granted leave to move upon proper papers for an order vacating its default provided such motion is made no more than twenty (20) days from the service of a copy of this order with notice of entry." Said order was served upon defendant's attorneys on July 20, 1982. Seven days later, by notice of motion dated July 27, 1982, the defendant, pursuant to the direction contained in the earlier order of Special Term, moved for an order "opening up and vacating the default of the defendant and extending the time for the defendant to serve his [sic] answer to plaintiff's complaint pursuant to CPLR 2004 together with such other and further relief as may be just and proper." Defense counsel noted that the prior order was apparently "due to the fact that the defendant did not cross move at that time to open up and vacate its default." In support of the application counsel included an affidavit of merit, the pleadings, the prior court order and copies of the papers submitted on the earlier motion. In opposition thereto, plaintiff's attorney submitted a three-paragraph affirmation and a memorandum of law seeking denial of the defendant's motion to vacate its default without any reference to that branch of the defendant's motion which sought an extension of its time to answer pursuant to CPLR 2004. By order dated August 23, 1982, Special Term (Roncallo, J.), granted the defendant's motion to the extent that it vacated the default judgment, directed the service of an answer within 20 days from the date of the order, and provided that the judgment remain in effect as plaintiff's security with execution thereon stayed until she obtained a favorable determination in the action. In support of a motion to vacate a default judgment pursuant to CPLR 5015 (subd [a], par 1), a movant is required to demonstrate both a valid excuse for a default and a meritorious defense to the underlying action (*Eaton v Equitable Life Assur. Soc.*, 56 NY2d 900; *Bruno v Village of Port Chester*, 77 AD2d 580, app dsmd 51 NY2d 769). Here, the only excuse offered for defendant's failure to answer the plaintiff's complaint is law office failure. Under the principle announced in *Barasch v Micucci* (49 NY2d 594) and *Eaton v Equitable Life. Assur. Soc. (supra)*, law office failure did not constitute a valid excuse for vacating the default judgment. However, subsequent to the argument of the appeal herein, Governor Cuomo signed into law CPLR amendments that have the effect of overruling the rigid approach to pleading defaults mandated by the *Barasch/Eaton* decisions. Thus, the new CPLR 2005 reads: "Upon an application satisfying the requirements of subdivision (d) of section 3012 or subdivision (a) of rule 5015, the court shall not, as a matter of law, be precluded from exercising its discretion in the interests of justice to excuse delay or default resulting from law office failure." The new CPLR 3012 (subd [d]) reads: "Upon the application of a party, the court may extend the time to appear or plead, or compel the acceptance of a pleading untimely served, upon such terms as may be just and upon a showing of reasonable excuse for delay or default." The foregoing amendments apply to all cases still *sub judice* as of their effective date. Hence, the present case is subject to the amendments which means that Special Term's decision here ought not to be reversed upon

the ground that it was an abuse of discretion as a matter of law for Special Term to have accepted law office failure as a valid excuse. The period of delay was a minimal one. In view of that fact and the fact that the delay did not prejudice plaintiff, Special Term properly exercised its discretion. Nevertheless, we have fixed an appropriate sanction by reason of the fact that defendant's attorney made no attempt to extend the time to answer by stipulation or court order prior to 20 days from personal service of the summons and complaint, mailed an answer 21 days after the time to answer had expired, and thereafter failed to submit a cross motion for affirmative relief in response to plaintiff's motion which resulted in the order granting plaintiff's motion for a default judgment. Mangano, J. P., Gulotta, Bracken and Niehoff, JJ., concur.