■ MAGALY ZALDUA, Respondent, v METROPOLITAN SUBURBAN BUS AUTHORITY, Appellant. — In a negligence action to recover damages for personal injuries, defendant appeals from an order of the Supreme Court, Nassau County (Morrison, J.), dated December 3, 1982, which, upon plaintiff's motion, conditionally vacated (1) a prior order of the same court (Kelly, J.), granting defendant's motion for leave to enter judgment against plaintiff for, *inter alia,* failure to prosecute, and (2) a judgment dated December 28, 1981 against plaintiff, dismissing the complaint. Order reversed, as a matter of discretion, with costs, and plaintiff's motion to vacate the order and judgment dismissing her complaint denied. This action was commenced in March, 1979 to recover for personal injuries allegedly sustained while plaintiff was a passenger on a bus owned and operated by defendant. Issue was joined on April 3, 1979. What

followed was over three years of laxity and neglect on the part of plaintiff's attorneys. Depositions were scheduled and adjourned at plaintiff's attorneys' request on 16 separate occasions over a course of two years. Then there ensued three scheduled court-ordered depositions at which plaintiff's attorneys never appeared and plaintiff appeared once. In the interim, plaintiff's attorneys did not submit a bill of particulars until ordered to do so by the court, only partially complied with a court order compelling discovery, failed to pay sanctions as imposed by the court, and failed to attend a pretrial conference. Ultimately, plaintiff herself left the country during August, 1981 and stayed out of the country for a period of approximately seven months during which time she did not contact her attorneys. By notice of motion dated October 14, 1981, defendant moved for leave to enter judgment against plaintiff, and said motion was granted without opposition by order of the Supreme Court, Nassau County (Kelly, J.), dated November 10, 1981. Thereafter, judgment was entered thereon. By notice of motion dated August 25, 1982, plaintiff moved to vacate the default judgment, alleging that she had no intent to abandon her claim. Plaintiff's attorneys claimed that her file had been misplaced and had not been recovered until June, 1982. Plaintiff's attorneys also argued that "[c]ourts have been loathe to dismiss an action on default, where no fault lies with a client and the fault, if any, is with the attorneys". Special Term conditionally vacated the order and judgment. We reverse. In order to justify vacatur of a default based upon a failure to prosecute, plaintiff must demonstrate a meritorious cause of action and a legally sufficient excuse for the default (CPLR 5015, subd [a], par 1). The court, in its discretion, may vacate the default upon a consideration of the totality of the circumstances, including whether the action has merit, the nature of the injuries, whether the delay prejudiced the defendant, and whether the delay was due to plaintiff's intent to abandon the claim or due to plaintiff's attorneys' neglect (*Moran v Rynar,* 39 AD2d 718; *Boyle v Krebs & Schulz Motors,* 18 AD2d 1010). Recent amendments to the CPLR (see CPLR 2005, 3012, subd [d], added L 1983, ch 318), do not sanction conduct which demonstrates an intent to abandon the action nor do they excuse all instances of law office failure. The contriteness and penitence of plaintiff's attorneys in the instant case are insufficient reasons to vacate the default (see *Beetz v City of New York,* 73 AD2d 925, 926). The claim of a lost or mislaid file does not excuse plaintiff's neglect to prosecute, given the consistent pattern of refusal to comply with court orders, failure to oppose motions, and adjournments over three years (see *Ferrentino v Farragut Gardens No. 5,* 35 AD2d 815; *Pellerin v Groveville Corp.,* 34 AD2d 650; *Sortino v Fisher,* 20 AD2d 25). Furthermore, plaintiff's voluntary departure from the United States for about seven months and her total lack of contact with her attorneys during this period, in which time the judgment against her was entered, do not indicate an intent to actively prosecute her claim. Therefore, plaintiff's motion to vacate the order and judgment dismissing her complaint should have been denied. Damiani, J. P., Mangano, Gulotta and Brown, JJ., concur.