■ VICKIE STOLPIEC, Appellant, v HARVEY WIENER et al., Respondents. — In a negligence action to recover damages for personal injuries, plaintiff appeals from so much of an order of the Supreme Court, Kings County (Lodato, J.), entered March 22, 1983, as granted that branch of defendants' motion which sought to vacate Pechter Field Baking Corp.'s (Pechter) default and to permit it to interpose an answer to the complaint and to vacate a prior order of the same court (Ramirez, J.), setting the matter down for an inquest, upon condition that Pechter pay plaintiff $500 costs due to its lack of diligence. ¶ Order affirmed, insofar as appealed from, with costs. ¶ Plaintiff commenced this action on or about December 27, 1982 by service of a copy of the summons and complaint upon an agent of Pechter at its offices. Pechter forwarded same via its broker to its insurance carrier, which received it on December 30, 1982. The carrier requested a copy of the police report on January 7, 1983. The police report as well as a more detailed accident report from the driver of the truck which hit plaintiff were received by the carrier on January 24, 1983. On February 4, 1983, the carrier processed the file for referral to outside counsel. On that same day, plaintiff's attorney moved ex parte for leave to enter a default judgment and for an order granting plaintiff an inquest. Apparently unaware of plaintiff's motion, the carrier's claim supervisor wrote a letter to plaintiff's attorney, dated February 7, 1983, requesting an extension of Pechter's time to answer the complaint. By order of February 8, 1983, Special Term granted plaintiff's application and set February 28, 1983 as the date of inquest. Plaintiff's attorney thereafter wrote to Pechter's carrier, rejecting the request for an extension and enclosing the order granting the inquest. Pechter

thereupon made the motion which constitutes the subject matter of this appeal. ¶ The newly enacted CPLR 2005 empowers the courts to exercise discretion in determining motions to vacate defaults emanating from law office failure. Among the factors to be considered are the meritorious nature of the defense, whether the neglect was excusable, lack of prejudice, brevity and nondeliberateness of the delay and a good-faith intent to defend or prosecute the action (see *Zaldua v Metropolitan Suburban Bus Auth.,* 97 AD2d 842; *Mineroff v Macy's & Co.,* 97 AD2d 535; *Pettinato v Sunscape At Bay Shore Home Owners Assn.,* 97 AD2d 434). ¶ In the instant case, defendant Pechter has set forth a substantive meritorious defense. Pechter requested an extension of time in which to plead, thus demonstrating an intent to seriously defend the action (see *Junior v City of New York,* 85 AD2d 683, 684). Moreover, the delay involved was of a relatively short duration and there has been no showing of undue prejudice sustained by plaintiff. Additionally, public policy favors adjudications on the merits (see *Stark v Marine Power & Light Co.,* 99 AD2d 753). ¶ The excuses proffered by Pechter for its delay, i.e., the insurance carrier's investigation and the time necessary to assign a defense counsel, while not wholly satisfactory, were sufficient, under the circumstances, to warrant vacating Pechter's default so as to allow an adjudication on the merits. However, in view of the nature of Pechter's excuse, which evinced its lack of diligence, it was entirely appropriate to have conditioned the vacatur upon Pechter's payment to plaintiff of a $500 penalty (*Stark v Marine Power & Light Co., supra*). Thompson, J. P., O'Connor, Weinstein and Lawrence, JJ., concur.