■ MARGE TUGENDHAFT, Respondent, v COUNTRY ESTATES ASSOCIATES et al., Appellants. — In an action to recover damages for personal injuries, defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Dunkin, J.), dated August 22, 1983, as, upon their motion to excuse their default and to require plaintiff to accept their answer, directed plaintiff to accept defendants' answer only on the issue of damages, and limited any trial of the action to that issue.

Order reversed, insofar as appealed from, as a matter of discretion, without costs or disbursements, and motion granted in its entirety, on condition that defendants personally pay plaintiff $250. Defendant's time to pay the $250 is extended until 30 days after service upon them of a copy of the order to be made hereon, with notice of entry; in the event that condition is not complied with, then order affirmed, insofar as appealed from, with costs.

We note at the outset that Special Term's order is appealable by defendants since it did not grant them the complete relief requested (*see, Parochial Bus Sys. v Board of Educ.,* 60 NY2d 539, 544-545; *Lincoln v Austic,* 60 AD2d 487, 490, *lv denied* 44 NY2d 644).

Inasmuch as defendants have demonstrated a meritorious defense, their answer was served within a relatively short time after the expiration of a stipulation extending the time to answer (slightly more than three months), plaintiff has shown no prejudice as a result of this delay, and defendants, by moving to have their default excused and requiring plaintiff to accept their answer, have shown an intent to defend the action, Special Term erred by not granting defendants' motion in its entirety and permitting them to challenge the merits of the case (*see, Junior v City of New York,* 85 AD2d 683). Moreover, to date, plaintiff has not entered a default judgment against defendants.

We exercise our discretion to excuse the default pursuant to CPLR 2005 based upon the foregoing reasons, but have imposed an appropriate sanction (*see, Heffney v Brookdale Hosp. Center,* 102 AD2d 842; *Stolpiec v Weiner,* 100 AD2d 931). Public policy favors the resolution of cases on their merits. Lazer, J. P., Gibbons, O'Connor and Brown, JJ., concur.