■ ASSOCIATION FOR CHILDREN WITH LEARNING DISABILITIES, NASSAU CHAPTER, INC., Respondent, v SYED M. ZAFAR et al., Appellants.—In an action, *inter alia,* for specific performance of a contract to convey title to real property, defendants appeal from so much of an order of the Supreme Court, Nassau County (Robbins, J.), entered July 30, 1985 as denied their motion to vacate a default judgment.

Order affirmed insofar as appealed from, without costs or disbursements.

Plaintiff commenced this action on or about September 20, 1984 by service of copies of the summons and complaint upon defendants in accordance with an order of Special Term. Defendants did not answer, but on or about October 18, 1984, did submit an affidavit in opposition to a motion by plaintiff. By notice of motion dated January 3, 1985, plaintiff moved for a default judgment and defendants' attorney, alleging an "oversight" on his calendar, requested the court to permit service of an answer. Plaintiff's motion was granted and, after inquest, plaintiff was awarded a judgment directing specific performance of a contract to convey title to real property. Defendants then moved to vacate the judgment pursuant to CPLR 5015 (a) (1) and 2005. The denial of that motion is the subject of this appeal.

In support of a motion to vacate a default judgment pursuant to CPLR 5015 (a) (1), a movant is required to demonstrate both a valid excuse for a default and a meritorious defense to the underlying action *(Wagenknecht v Government Employees Ins. Co.,* 97 AD2d 407). CPLR 2005 empowers the courts to exercise discretion in determining motions to vacate defaults emanating from law office failure. Among the factors to be considered are whether the neglect was excusable, lack of

prejudice, brevity and nondeliberateness of the delay, a good faith intent to defend or prosecute, and the meritorious nature of the defense *(see, Stolpiec v Wiener,* 100 AD2d 931; *Weissblum v Mostafzafan Found.,* 99 AD2d 704; *Wagenknecht v Government Employees Ins. Co., supra).*

In the instant case, defendants did not request an extension of time in which to plead, the delay involved was inordinate and there was a showing of prejudice sustained by plaintiff and the developmentally disabled people who were to reside in and obtain needed services in the house in question. The excuse proffered by defendants' attorney, i.e., "oversight", is unsatisfactory under the circumstances. In addition, the defense urged by defendants is of questionable merit. Accordingly, it was well within the discretion of Special Term to deny the motion. Mangano, J. P., Rubin, Eiber and Kooper, JJ., concur.