(March 17, 1986)

■ JOSEPH CAPICHIANO, Respondent, v MONTEFIORE HOSPITAL, Appellant, et al., Defendant.—In an action to recover damages for personal injuries due to medical malpractice, the defendant Montefiore Hospital appeals from so much of an order of the Supreme Court, Putnam County (Walsh, J.), dated April 10, 1985, as denied its motion to dismiss the action unconditionally as against it and granted so much of the plaintiff's cross motion as sought to extend his time to file a note of issue and statement of readiness.

Order affirmed, insofar as appealed from, without costs or disbursements, on condition that within 20 days after service upon him of a copy of the order to be made hereon, with notice of entry, the plaintiff's attorney personally pay the sum of $1,000 to the defendant Montefiore Hospital and serve and file a note of issue and statement of readiness. In the event the conditions are not complied with, then order reversed, insofar as appealed from, with costs, said defendant's motion granted, and so much of the plaintiff's motion as sought to extend his time to file a note of issue and statement of readiness denied.

Under the circumstances at bar, we conclude that an unconditional dismissal of the plaintiff's action would be an unjustifiably harsh remedy in view of the apparent existence of a meritorious claim, the lack of any demonstrable prejudice to the appellant and the absence of an intent on the part of the plaintiff to abandon the action (see, Stolpiec v Wiener, 100 AD2d 931; Zaldua v Metropolitan Suburban Bus. Auth., 97 AD2d 842; Condurso v Thumsuden, 84 AD2d 802, appeal dismissed 55 NY2d 953). Therefore, Special Term did not abuse its discretion in relieving the plaintiff of the consequences of his counsel's failure to promptly file a note of issue and statement of readiness (CPLR 2005; see, Mineroff v Macy's & Co., 97 AD2d 535). However, we find that, under the circumstances, the imposition of a sanction is appropriate. Brown, J. P., Weinstein, Niehoff and Eiber, JJ., concur.