■ HELEN SWANES, Respondent, v KIRT F. SWANES, Appellant.—In a matrimonial action, the defendant husband appeals from an order of the Supreme Court, Richmond County (Sangiorgio, J.), dated October 15, 1985, which denied his motion to vacate a default judgment of the same court, dated May 28, 1985, which, *inter alia,* granted a divorce to the plaintiff wife.

Order affirmed, with costs.

In support of a motion to vacate a default judgment pursuant to CPLR 5015 (a) (1), a movant must demonstrate both a valid excuse for his default and a meritorious defense to the underlying action *(see, Wagenknecht v Government Employees Ins. Co.,* 97 AD2d 407; *Association for Children With Learning Disabilities v Zafar,* 115 AD2d 580). In this case, the defendant husband was clearly aware of the pendency of the

instant action for divorce, as he was properly served with the summons in August 1984. Nevertheless, he argues that his default was excusable because the person whom he believed to be representing him in this action, one Charles Spar, was not, in fact, an attorney.

The record does not support the defendant's claim of excusable default. There is evidence on the record from which the defendant knew or should have known that Mr. Spar was not acting as his legal representative in the action. Specifically, at a "voluntary prelitigation deposition" that took place prior to the commencement of this action, Mr. Spar stated on the record that he appeared as the defendant's "business and financial consultant" and not as an attorney. These statements alone should have put the defendant on notice that Mr. Spar would not represent him in this divorce action, and his failure thereafter to inquire into Mr. Spar's status does not constitute excusable default.

Moreover, it appears that the defendant was informed by his Arizona attorney that an inquest had been taken in this action, and that a judgment of divorce was imminent. However, no attempt was made to prevent the entry of a final judgment; to the contrary, the defendant remarried shortly after he learned of its entry. It is clear, therefore, that the defendant does not seek to vacate the entire judgment and return the parties to their previous positions. Rather, the defendant objects only to the property division contained in the judgment of divorce, and to the extent that it legitimizes his second marriage, wishes to take full advantage of that same judgment. Under these circumstances, Special Term properly denied the motion to vacate. Lazer, J. P., Mangano, Bracken and Kooper, JJ., concur.