573

█ HENDERSON MURPHY et al., Appellants, v D. V. WASTE CONTROL CORP. et al., Respondents.

Although the length of the defendants' delay in serving their answer (more than six months) cannot be considered minor *(see, Association for Children with Learning Disabilities v Zafar,* 115 AD2d 580; *Klenk v Kent,* 103 AD2d 1002, *appeal dismissed* 63 NY2d 953), and the only explanation proffered for the delay was the negligence of the defendants' insurance broker, which is " 'akin to a law office failure' " *Strasser v Pendino,* 92 AD2d 590, quoting from *Bruno v Village of Port Chester,* 77 AD2d 580, *appeal dismissed* 51 NY2d 769), the court did not abuse its discretion in granting the defendants' motion, given that the defendants have established a meritorious defense, the delay did not result in any prejudice to the plaintiffs and there was no showing that the delay was in any way deliberate *(see, Tugendhaft v Country Estates Assoc.,* 111 AD2d 846; *Stolpiec v Wiener,* 100 AD2d 931). As we have often pointed out, there is a long-established policy favoring the resolution of cases on their merits *(see, Tugendhaft v Country Estates Assoc., supra; Salch v Paratore,* 100 AD2d 845). We note that the court conditioned the vacatur of the default judgment upon the insurance carrier's payment to the plaintiffs of a $1,000 penalty *(see, Tugendhaft v Country Estates Assoc., supra; Stolpiec v Wiener, supra).* Mangano, J. P., Bracken, Brown and Eiber, JJ., concur.