■ MARK FLOWER, Respondent, v MARYLIZ FOOD AND DRINK CORPORATION, Doing Business as APPLE ANNIE's, Appellant.— In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Westchester County (Rosato, J.), entered November 14, 1985, which granted the plaintiff's motion for leave to enter a default judgment.

Ordered that the order is reversed, as a matter of discretion, without costs or disbursements, and the motion is denied.

In this case, the complaint asserts causes of action to recover damages for negligence and violation of the Dram Shop Act (General Obligations Law § 11-101 *et seq.*), for injuries arising out of an assault upon the plaintiff on February 2, 1985 by patrons of a bar, allegedly owned and operated by the defendant corporation. The action was commenced by service of a summons and complaint upon the Secretary of State on March 18, 1985, pursuant to Business Corporation Law § 306. The defendant failed to appear or serve a timely answer. The plaintiff moved in July 1985 for leave to enter a default judgment. In opposition to the motion, an officer of the defendant corporation stated that it had liquidated its assets and sold the business on September 10, 1984, and did not operate any business on the premises on the date in question. In light of the meritorious defense proffered, the excuse for the default and the fact that the plaintiff does not appear to have been prejudiced by the delay, and guided by the general preference for deciding cases on the merits (*Stolpiec v Wiener,* 100 AD2d 931), in the exercise of our discretion, we hold that the defendant should be relieved of its default and permitted to defend the action on the merits. Thompson, J. P., Brown, Niehoff and Rubin, JJ., concur.