■ JUAN VALENCIA, an Infant, by His Father and Natural Guardian, JESUS VALENCIA, et al., Appellants, v ASTRO DATSUN, INC., et al., Respondents.—In a negligence action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Posner, J.), dated May 1, 1987, as denied that branch of their motion which was to set the action as against the corporate defendants down for inquest and which granted that branch of the corporate defendants' cross motion which was to compel them to accept the answer of the corporate defendants on the condition that those defendants pay to the plaintiffs the sum of $250.

Ordered that the order is modified by increasing the amount of the sanction to $750; as so modified, the order is affirmed insofar as appealed from, with costs to the plaintiffs, and the corporate defendants' time to serve an answer and pay the increased sanction is extended until 20 days after service upon them of a copy of this decision and order with notice of entry.

Because his time to answer the complaint did not begin to run until 10 days after the belated filing of the affidavit of service *(see,* CPLR 308 [2]), the plaintiffs have conceded that no default may be taken against the allegedly active tortfeasor, the individual defendant Rodriguez *(see, R. L. C. Investors v Zabski,* 109 AD2d 1053). Although the negligence of the defaulting corporate defendants' insurance carrier was the only excuse offered for their failure to timely answer *(cf.,* CPLR 2005), that delay was not shown to be deliberate and did not result in any prejudice which cannot be remedied by imposition of an appropriate sanction *(see, Murphy v D. V. Waste Control Corp.,* 124 AD2d 573; *Tugendhaft v Country Estates Assocs.,* 111 AD2d 846). Moreover, the nature of the liability the plaintiffs seek to impose on one of these defendants is vicarious only. The basis on which liability is to be imposed on the other cannot be discerned from plaintiffs' pleading or from the infant plaintiff's affidavit as to how the accident occurred *(cf.,* CPLR 3215 [e]). Under the circum-

stances, the Supreme Court properly excused the approximately four-month delay in the interest of justice *(see,* CPLR 2005; *Ladd v Stevenson,* 112 NY 325, 332; *R. L. C. Investors v Zabski, supra).* However, we find that the sanction was inadequate to the extent indicated. Mangano, J. P., Brown, Harwood and Balletta, JJ., concur.