■ PAUL GILHULEY, Appellant, v ST. MATTHEW'S COMMUNITY A.M.E. CHURCH OF HOLLIS, INC., et al., Defendants, and JOHN DOUVAS, Respondent.—In a negligence action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Santucci, J.), dated March 25, 1988, which granted the motion of the defendant John Douvas pursuant to CPLR 5015 (a) (1) to be relieved of his default in answering the complaint.

Ordered that the order is affirmed, with costs to the respondent.

A defendant seeking to be relieved of a default pursuant to CPLR 5015 (a) (1) must show a reasonable excuse for the default and the meritorious nature of his defense (see, Flower v Maryliz Food & Drink Corp., 129 AD2d 676, 677; Murphy v D. V. Waste Control Corp., 124 AD2d 573; Abrash v Lavender, 119 AD2d 785, 786; Capichiano v Montefiore Hosp., 118 AD2d 676; National States Elec. Corp. v Insurance Co., 103 AD2d 824, 825).

A review of the record indicates that defendant Douvas demonstrated sufficient excuse for his failure to answer (cf., Passalacqua v Banat, 103 AD2d 769).

The defendant Douvas's affidavit of merits sets forth uncontradicted factual allegations which showed that he did not begin his carpentry work at the accident site until several days after the plaintiff was injured and that he worked in a location different from where the injury occurred. This affidavit, which was supported by an affidavit from a worker for a codefendant, not only showed the meritorious nature of the defense, but also supported his contention that substantial injustice would result if this matter were not disposed of on the merits. Mangano, J. P., Thompson, Brown and Kunzeman, JJ., concur.

■ STEMI GORMAN, Individually and as Executrix of BER-