■ RAYMOND PLAKSTIS, Appellant v FRED J. CADIEU et al., Respondents, et al., Additional Defendant.—In an action to recover damages for malicious prosecution, the plaintiff appeals from an order of the Supreme Court, Nassau County (Roncallo, J.), dated September 22, 1987, which denied his motion to vacate his default in replying to the defendants'

counterclaims, and in answering the defendants' interrogatories.

Ordered that the order is reversed, as a matter of discretion, without costs or disbursements, and the plaintiff's motion is granted; and it is further,

Ordered that the plaintiff's time to serve replies to the counterclaims and interrogatories is extended until 30 days after service upon his new counsel of a copy of this decision and order, with notice of entry; and it is further,

Ordered that the plaintiff's former counsel shall personally pay a sanction of $500 to the defendants within 30 days after service upon him of a copy of this decision and order, with notice of entry.

The plaintiff commenced suit alleging that the defendants had maliciously caused the Village of Great Neck to issue summonses to him premised upon his alleged violation of a village ordinance prohibiting dog owners from allowing their pets to run unleashed.

By answer dated April 13, 1987, the defendants denied the material allegations of the complaint and interposed a total of 27 counterclaims. Together with the answer, the defendants served a set of interrogatories on the plaintiff, and a copy of a supplemental summons naming "Doray Enterprises" as an additional party. "Doray Enterprises" was apparently the corporate entity through which the plaintiff operated a nearby automobile repair and gasoline station. Approximately a week after service of the answer, the plaintiff's former counsel inexplicably sent the defendants' counsel a letter in which he cryptically stated, "I am herewith returning the supplemental summons and verified answer you sent me. In addition to being frivolous and capricious, they are not in conformity with the CPLR". No further explanation of his former counsel's refusal to respond to the interrogatories and counterclaims was contained in the letter. By letter dated April 24, 1987, the defense counsel responded by stating, *inter alia,* that counsel's contentions were erroneous and that the "supplemental summons" naming "Doray Enterprises" as a party was not mailed with the answer as a means of acquiring jurisdiction over Doray Enterprises, but was merely included as a courtesy to the plaintiff's counsel since the defendants intended to bring in Doray Enterprises as a party. Despite a second letter urging the plaintiff to reply to the counterclaims and interrogatories, the plaintiff did not respond. Thereafter, by notice of motion dated June 1, 1987, the defendants moved for an order

(1) striking the plaintiff's complaint for failure to respond to the interrogatories, and (2) granting the defendants leave to enter a default judgment on the counterclaims.

In opposition to the motion the plaintiff's former counsel inexplicably and mistakenly assumed that the mailing of the supplemental summons was intended as a means by which the defendants sought to acquire jurisdiction over Doray Enterprises and erroneously argued that the alleged insufficiency of the supplemental summons obviated any duty on his part to reply to the counterclaims or answer the interrogatories on behalf of the plaintiff. He neglected in his opposition papers to supply the requisite information necessary to excuse his failure to respond to the counterclaims and interrogatories. Although no prior court order compelling the plaintiff to answer the interrogatories had been issued, the Supreme Court issued a decision stating that unless the plaintiff moved to vacate his default, it would strike the plaintiff's complaint and grant the defendants leave to enter a default judgment on their counterclaims. The plaintiff moved to vacate his default, but again relied upon former counsel's erroneous perception of the law. The motion was denied. The plaintiff now appeals, arguing that, under the circumstances, the court erred in denying his motion to vacate his default. We agree.

Although the papers submitted by the plaintiff's former counsel to Supreme Court would ordinarily be deemed insufficient to establish a reasonable excuse for inaction with regard to the counterclaims and the interrogatories (see, Gilhuley v St. Matthew's Community A.M.E. Church, 145 AD2d 411; Flower v Maryliz Food & Drink Corp., 129 AD2d 676, 677; Read v Dickson, 150 AD2d 543), it is apparent that the former counsel's substantial confusion and utter misapprehension of the facts and the law precluded him from acting as a competent and effective advocate on the plaintiff's behalf.

Moreover, the record establishes that the plaintiff's former counsel's behavior was attributable to his confusion and not to a calculating or contumacious intent to avoid disclosure. In light of the foregoing, we find it inappropriate to visit the former counsel's errors upon the plaintiff, especially where the former counsel's actions resulted in such a draconian sanction. Under the circumstances, and considering the absence of prejudice to the defendants (see, Jet Asphalt Corp. v Consolidated Edison Co., 114 AD2d 489, 491), the drastic penalty imposed constituted an improvident exercise of discretion. However, the imposition of a $500 sanction upon the plaintiff's former counsel, personally payable by him to the

defendants, is an appropriate penalty under the circumstances. Mangano, J. P., Brown, Kooper and Sullivan, JJ., concur.