■ RAYMOND PLAKSTIS, Plaintiff, v FRED J. CADIEU et al., Appellants, and DORAY ENTERPRISES, INC., Respondent.—In an action to recover damages for malicious prosecution, the defendants appeal from an order of the Supreme Court, Nassau County (Roncallo, J.), entered April 17, 1990, which granted the additional counterclaim defendant's motion to renew its motion to vacate its default in replying to the defendants' counterclaims, and, upon renewal, vacated the additional counterclaim defendant's default.

Ordered that the order is modified, as a matter of discretion, by adding a provision thereto that the additional counterclaim defendant's former counsel Charles L. Briefstein shall personally pay a sanction of $500 to the defendants; as so modified, the order is affirmed, without costs or disbursements, and Charles L. Briefstein's time to pay the $500 sanction is extended until 30 days after service upon him of a copy of this decision and order, with notice of entry.

In this action, the Supreme Court granted the defendants leave to enter a default judgment in their favor on their counterclaims against the plaintiff. Subsequently, the Supreme Court similarly granted the defendants leave to enter a default judgment on their counterclaims against the additional counterclaim defendant, Doray Enterprises, Inc., which is the corporate entity through which the plaintiff operated an automobile repair and gasoline station. On an appeal regarding only the default of the plaintiff, this court vacated that

default, finding that it was due to the plaintiff's former counsel's "confusion" *(Plakstis v Cadieu,* 154 AD2d 445). Relying upon this court's decision, Doray Enterprises, Inc., moved to renew its motion to vacate its default. The Supreme Court granted the motion, and the defendants now appeal. The default of Doray Enterprises, Inc., occurred as a result of the same conduct at issue on the plaintiff's appeal. Accordingly, the Supreme Court did not improvidently exercise its discretion in relying upon *Plakstis v Cadieu (supra),* to vacate the default of Doray Enterprises, Inc. However, here, as in the earlier appeal, the imposition of a $500 sanction upon the former counsel for Doray Enterprises, Inc., personally payable by him to the defendants, is an appropriate penalty under the circumstances. Thompson, J. P., Harwood, Rosenblatt and Miller, JJ., concur.