■ LEASE FACTOR, INC., Respondent, v KEMCY MODEL AGENCY, INC., et al., Appellants. (And a Third-Party Action.)

[608 NYS2d 232] —In action to recover, *inter alia,* money due pursuant to a lease, the defendants appeal from an order of the Supreme Court, Nassau County (Christ, J.), dated September 3, 1991, which denied their motion to vacate their default in opposing the plaintiff's motion for summary judgment.

Ordered that the order is affirmed, with costs.

In support of a motion to vacate a default pursuant to CPLR 5015 (a) (1), the movant must demonstrate both a valid excuse for his default and a meritorious defense to the underlying action *(see, Swanes v Swanes,* 123 AD2d 315).

The record does not support the defendants' contention that their default was excusable. The defendants' attorney was aware that opposition papers to the plaintiff's motion for summary judgment were necessary to raise a triable issue of fact; yet counsel merely filed a motion to withdraw because of a fee dispute with his clients, and that motion was ultimately denied. Thus, counsel cannot claim that his inaction was the result of law office failure or inadvertence.

Even if we were to find that the defendants' default was excusable, the record reveals that the defendants do not have a meritorious defense to the underlying action. The defendants leased from the plaintiffs telephone equipment which was manufactured and installed by a third party. The lease conspicuously excluded any warranties of merchantability or fitness for a particular use and required the lessee to continue to make lease payments regardless of defects in the equipment. Thus, under these circumstances, the defendants cannot contend that they were entitled to default on their obligations under the lease because the telephone equipment was inherently defective and nonoperational *(see, ConTel Credit Corp. v Mr. Jay Appliances & TV,* 128 AD2d 668).

The defendants' remaining contentions are without merit. Sullivan, J. P., Santucci, Goldstein and Florio, JJ., concur.