■ FRANCOIS D. JEUNE, as Administrator of the Estate of DECLEUS JEUNE, Deceased, et al., Respondents, v O.T. TRANS MIX CORP. et al., Appellants. [610 NYS2d 836] —In an action to recover damages for wrongful death, the defendants appeal, as limited by their notice of appeal and brief, from so much of an order of the Supreme Court, Kings County (Golden, J.), dated June 25, 1992, as denied their motion to dismiss the action unconditionally.

Ordered that the order is modified, as a matter of discretion, by deleting from the second decretal paragraph thereof the amount "$100.00" and substituting therefor the amount $750; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

The plaintiffs established that their failure to comply with a demand to file a note of issue within 90 days was attributable to law office failure, specifically the failure of a secretary to advise counsel of the receipt of the 90-day demand. In the absence of any indication that the plaintiffs were not diligently pursuing the action or were engaging in any dilatory tactics, the Supreme Court did not improvidently exercise its discretion in accepting the proffered excuse as reasonable (see, e.g., CPLR 2005; Pastore v Golub Corp., 184 AD2d 827). Moreover, under the circumstances of this case, where the plaintiffs have established the existence of a meritorious claim, there is no demonstrable prejudice to the defendants, and there is no indication that the plaintiffs intended to abandon the action, the Supreme Court did not improvidently exercise its discretion in denying the defendants' motion for an unconditional dismissal of the plaintiffs' action (see, Capichiano v Montefiore Hosp., 118 AD2d 676).

However, we find that, under the circumstances of this case, the inclusion of a provision requiring the plaintiffs' attorney to personally pay the defendants' attorney the sum of $750 is appropriate as a condition for vacating the plaintiffs' default in complying with the 90-day notice. Rosenblatt, J. P., Lawrence, Altman and Goldstein, JJ., concur.