■ THOMAS J. GAYLORD, Appellant, v DONALD J. SERAFINO et al., Respondents. [715 NYS2d 854] —In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (I. Aronin, J.), dated September 22, 1999, which denied his motion for leave to enter a judgment against the defendants upon their default in answering the complaint and granted the defendants' cross motion for leave to serve their answer.

Ordered that the order is affirmed, with costs.

The Supreme Court providently exercised its discretion in denying the plaintiff's motion and granting the defendants' cross motion. The defendants set forth both a reasonable excuse for the delay in answering and a meritorious defense (*see, Young v Mauch,* 268 AD2d 583; *Calemine v Hobler,* 263 AD2d 495; *Bogorad v Fitzpatrick,* 38 AD2d 923, *affd* 31 NY2d 984). The defendants' delay in serving their answer did not result in prejudice to the plaintiff, and there was no showing that the delay was in any way deliberate (*see, Conti v Valinoti,* 206 AD2d 345; *Valencia v Astro Datsun,* 137 AD2d 519; *Murphy v D. V. Waste Control Corp.,* 124 AD2d 573). O'Brien, J. P., Altman, Friedmann, McGinity and Smith, JJ., concur.

■ KATHERINE GILDERSLEEVE, Appellant, et al., Plaintiff, v CATHERINE LEO et al., Respondents. [712 NYS2d 399] —In an action to recover damages for personal injuries, the plaintiff Katherine Gildersleeve appeals from an order of the Supreme Court, Suffolk County (Emerson, J.), dated July 8, 1999, which denied her motion for partial summary judgment on the issue of liability and to dismiss the defendants' counterclaim insofar as asserted against her.

Ordered that the order is affirmed, with costs.

There are triable issues of fact as to whether the plaintiff Katherine Gildersleeve contributed to the accident by making a sudden stop (*see, Maschka v Newman,* 262 AD2d 615, 616; *Niemiec v Jones,* 237 AD2d 267), or whether she was faced with an emergency situation and, if so, whether her actions were reasonable and prudent in that context (*see, Rivera v New York City Tr. Auth.,* 77 NY2d 322, 327). Mangano, P. J., Santucci, Krausman, Florio and Schmidt, JJ., concur.