■ GANG LIANG GUO, Respondent-Appellant, v ABDO SHAYBANE et al., Defendants, and SHIN HAN LIAO et al., Appellants-Respondents. [780 NYS2d 613]—

In an action to recover damages for personal injuries, (1) the defendant U-Haul Company of Texas, Inc., appeals from an order of the Supreme Court, Kings County (Jackson, J.), dated February 4, 2003, which denied the motion of the defendants Shin Han Liao and U-Haul Company of Texas, Inc., to compel the plaintiff to accept the verified answer of the defendant Shin Han Liao, and (2) the defendants Shin Han Liao and U-Haul Company of Texas, Inc., appeal, as limited by their brief, from so much of an order of the same court dated September 3, 2003, as, upon renewal and reargument, adhered to its original determination, and as, in effect, denied that branch of their motion which was to vacate an order of the same court dated June 11, 2002, which granted the plaintiff's motion for leave to enter a judgment against the defendant Shin Han Liao upon his failure to appear or answer, and the plaintiff cross-appeals from stated portions of the order dated September 3, 2003.

Ordered that the cross appeal is dismissed as abandoned, for failure to perfect the same in accordance with the rules of this Court (*see* 22 NYCRR 670.8 [c], [e]); and it is further,

Ordered that the appeal from the order dated February 4, 2003, is dismissed, as that order was superseded by the order dated September 3, 2003, made upon renewal and reargument; and it is further,

Ordered that the order dated September 3, 2003, is reversed insofar as appealed from, on the facts and as a matter of discretion, the motion is granted in its entirety, the orders dated June 11, 2002, and February 4, 2003, are vacated, and the motion to compel the plaintiff to accept the verified answer of the defendant Shin Han Liao is granted; and it is further,

Ordered that one bill of costs is awarded to the appellants-respondents.

The plaintiff allegedly was injured when a vehicle in which he was a passenger and which was driven by the defendant Shin Han Liao and leased from the defendant U-Haul Company of Texas, Inc. (hereinafter U-Haul), collided with another vehicle.

The plaintiff commenced this action in January 2002, and U-Haul filed an answer on its own behalf in February 2002. By letter dated February 26, 2002, U-Haul's counsel asked the plaintiff's counsel for proof of service upon Liao. The request allegedly went unanswered. On or about April 26, 2002, the plaintiff moved for leave to enter a judgment against Liao upon his failure to appear or answer. Approximately three days later, U-Haul's counsel allegedly informed the plaintiff's counsel that proof of service upon Liao was required before a determination could be made as to whether Liao and U-Haul would be

represented by the same law firm. In a letter to U-Haul's counsel dated April 30, 2002, the plaintiff's counsel suggested that U-Haul's counsel appear for Liao, and offered to accept an amended answer with an appearance on behalf of Liao by May 30, 2002. U-Haul's counsel allegedly spoke to the plaintiff's counsel again in early May, informing him that a determination as to Liao's representation had not yet been made.

By order dated June 11, 2002, the Supreme Court granted the plaintiff's motion for leave to enter a judgment against Liao upon his failure to appear or answer. U-Haul and Liao, who by then was represented by the same law firm as U-Haul, moved pursuant to CPLR 3012 (d) to compel the plaintiff to accept Liao's verified answer. By order dated February 4, 2003, the Supreme Court denied the motion as procedurally defective in that it should have been made pursuant to CPLR 5015 in light of the order previously entered against Liao. Liao and U-Haul then moved for leave to renew and reargue, "or, in the alternative, for an order pursuant to a de novo application under CPLR 5015 vacating the default previously granted." By order dated September 3, 2003, the Supreme Court, upon granting that branch of the motion which was for leave to renew and reargue, adhered to its determination in the order of February 4, 2003, and, in effect, denied that branch of the motion which was to vacate the June 11, 2002, order.

Under the circumstances of this case, the Supreme Court improvidently exercised its discretion in denying that branch of the motion which was to vacate the June 11, 2002, order without addressing its merits. As a matter of discretion, we reach the issue and find that Liao demonstrated a reasonable excuse for the default and a meritorious defense, and that the plaintiff showed no prejudice as a result of Liao's delay and was aware of Liao's intent to defend the action. Accordingly, that branch of the motion which was to vacate the June 11, 2002, order should have been granted (*see* CPLR 5015 [a]; *Weekes v Karayianakis*, 304 AD2d 561 [2003]; *Tugendhaft v Country Estates Assoc.*, 111 AD2d 846 [1985]). Florio, J.P., Krausman, Townes, Mastro and Fisher, JJ., concur.